[Civ. No. 13730. First Dist., Div. One. Oct. 5, 1948.]

REYNALDO J. SILVA, as Administrator, etc., Appellant, v. THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Lloyd Macomber for Appellant.

John J. O'Toole, City Attorney, and Reynald J. Bianchi, Deputy City Attorney, for Respondent.

WARD, J.—This is an appeal from a judgment entered after sustaining a demurrer to an amended complaint without leave to amend. The defendant demurred generally on the ground that the complaint did not set forth facts sufficient to constitute a cause of action, and specifically on 29 grounds of uncertainty, unintelligibility and ambiguity. On this appeal attention will be directed solely to the general demurrer.

A piece of property on Stanyan Street north of Rivoli Street, on which there is a two-story residence, belongs to the estate of Jessie A. Silva, deceased. The purpose of this action

is to find judicially that a controversy exists with respect thereto; that defendant by virtue of its right of eminent domain "has a prior and superior claim thereto, subject only to the condition that defendant make proper compensation to the owner"; that "The proper compensation for the taking of said real property by defendant is the actual market value of said property as it was at the time of the filing of the complaint herein." The complaint further alleges that "said Board of Supervisors did then and there resolve, order, declare and enact that said city block number 1283 be taken away from private ownership and put to said public use as a playground for the school children of said Grattan public school; that the twenty-five separate lots therein, and comprising said block, be secured from their respective owners by purchase, and condemnation proceedings when necessary; that all dwelling houses and buildings thereon be removed, and the said block number 1283, in its entirety, be converted into a playground for the pupils of the said Grattan Public School. And on said 22d day of May, 1935, the said Board of Supervisors duly added to the city budget for the fiscal year, 1935-1936, the sum of twenty-five thousand dollars allocated for and to be applied to the purchase of realty in said block." The complaint alleges in effect that "condemnation proceedings when necessary" may be brought on behalf of the Recreation Department of the City and County of San Francisco and land may be declared available for school, athletic or recreation purposes. (*Kern County U. High School Dist.* v. *McDonald,* 180 Cal. 7 [179 P. 180].)

The complaint alleges that the inheritance tax appraiser in the estate of Jessie A. Silva, deceased, appraised the property at $8,000; that it is worth $10,000, but that some one connected with the city government has offered only $5,500 for the property. Plaintiff alleges that "Real estate values in this City and County of San Francisco, and especially residential values, are, relatively speaking, very high at the present time; and for this reason, and for other reasons, it is the desire of plaintiff and his fellow heirs to the estate of said Jessie A. Silva to sell and dispose of said real property of said estate at once and to receive therefor its fair market value."

Plaintiff presents two "propositions" as remedies and argues that either supports his contention that the complaint states a cause of action. The first theory is that condemnation proceedings have been authorized and that therefore the

plaintiff may maintain a suit—designated as an "inverse condemnation action"—upon the authority of *Lamb* v. *California Water & Tel. Co.*, 21 Cal.2d 33 [129 P.2d 371]. The second "proposition" is that plaintiff is entitled to sue for declaratory relief irrespective of the first "proposition." It should be noted that *Lamb* v. *California Water & Tel. Co., supra,* is an action for declaratory relief based upon a contract, though in addition to a declaration of rights under the contract plaintiff sought that certain water rights be declared an easement and a perpetual burden upon defendant. Plaintiff in that action also sought an injunction.

In the present action plaintiff's property has not been appropriated. In the Lamb case the contrary was true. Plaintiff and defendant in that case operated under a contract and it was claimed injury occurred by reason of a violation of its terms by defendant. It is said (p. 42) : "The question therefore decisive of this appeal, is whether a public utility which had already dedicated and appropriated the waters of a lower riparian owner to a public use may subsequently enter into a contract with the lower riparian owner, granting to him in exchange for his waiver of damages for the diversion of his waters, a perpetual right expressly made appurtenant to his land to receive so much of the appropriated water as is necessary for his land at a fixed monetary rate which is not subject to regulation by public authority." In the Lamb case it was held that plaintiff was not entitled to any form of relief. In *Collier* v. *Merced Irr. Dist.*, 213 Cal. 554, 565 [2 P.2d 790], a case in which conflicting claims were raised between a riparian proprietor and an irrigation district, it is said : "This cause is in effect the reverse of a condemnation proceeding—a proceeding to fix damages after the taking and not before the taking of the property as enjoined by the Constitution. . . . There was, therefore, no objection to respondent here, who has the right to invoke the power of eminent domain, tendering the issue by answer or cross-complaint of its own claims to the property and after these were settled to allow the action to be tried as if in an eminent domain proceeding. The answer of respondent contained every element of a cross-complaint in such an action."

In the present case there has been no taking of the land—no entry or physical interference with plaintiff's property. Compensation is not payable until there is a "taking," or progress is made in the contemplated improvement. Compensation in different jurisdictions may be fixed as of the time

of taking, the time of the institution of proceedings to condemn the property, or at the time of the judgment of award. (29 C.J.S., p. 1068.) Ordinarily in California in assessing damages or compensation, the market value is taken as of the date of the issuance of the summons unless a delay of a year occurs. (Code Civ. Proc., § 1249.) If so, the date of trial is the date of the accrual of damages. The prospective price which might be procured is not controlling, rather the purpose to which the land is intended and to which it may be adapted should be considered. (*People* v. *Olsen*, 109 Cal.App. 523, 533 [293 P. 645].) In closely disputed matters the rights of the individual are subordinate to those of the governmental agency. (29 C.J.S., p. 780.)

Assuming the proper rule to be that compensation in such cases shall accrue at the date of the issuance of summons there is no statutory rule called to this court's attention which provides that the government's complaint herein must be filed within a given period. The petition or complaint should be filed within the time prescribed in the statute or ordinance. If in county proceedings no requirement is imposed by ordinance, then the complaint may be filed in accordance with a resolution if such resolution contains all the essentials of an ordinance. The complaint herein alleges that the board of supervisors resolved that the property should be obtained by purchase ''and condemnation proceedings when necessary.'' This language quoted from the resolution disposes of ''proposition number 1.'' The resolution of the board of supervisors does not purport to authorize a property owner to designate when condemnation proceedings are ''necessary.''

Plaintiff admits that in respect to proposition number one ''the City might conceivably set up in its answer to the complaint, and prove at the trial, a sufficient defense to the action in respect to actual condemnation, and be dismissed as to that, nevertheless as to the prayer for declaratory relief there could be no defense if the facts of the complaint were established.'' It is contended that no harm may be inflicted by a declaratory relief judgment. Plaintiff further states that ''If for any reason whatever the City should decide not to take the land everything is off, and the City pays nothing. The complaint merely asks for the appraisal of the land.'' The court may take judicial knowledge that real estate values do not remain constant. The value fixed during the present period may be disproportionate to what should be paid when the recreation department of the city decides to use the prop-

erty as part of a "playground." Plaintiff seeks a final determination that the property is worth $10,000 and that *if* and *when* defendant chooses to take the property this will be the amount it must pay.

Any person interested in cases of actual controversy relating to legal rights and duties of the respective parties may seek a judicial declaration thereof in either an affirmative or negative form (Code Civ. Proc., § 1060), but the court may refuse to act where its declaration is not necessary at the time and under all of the circumstances (Code Civ. Proc., § 1061). The present complaint alleges in substance that the value of the property may be determined through condemnation proceedings when defendant deems it "necessary." The only declaratory judgment that could be rendered under the allegations of the complaint would be of an advisory nature —namely, that when defendant deems it necessary to institute condemnation proceedings the price be fixed at the then market value.

*Monahan* v. *Dept. of Water & Power*, 48 Cal.App.2d 746 [120 P.2d 730] was an action for declaratory relief. The trial court sustained a general demurrer to the complaint without leave to amend. On appeal it was held that if the complaint or petition is refused, the parties are not entitled to a review unless it affirmatively appears that the trial court abused its discretion. The court there said (p. 751): "In that connection we may well observe that not only must the controversy be a justiciable controversy, as distinguished from 'a difference or dispute of a hypothetical or abstract character; from one that is academic or moot,' but it must be 'definite and concrete, touching the legal relations of the parties having adverse legal interests.' (*Aetna Life Ins. Co.* v. *Haworth*, 300 U.S. 227 [57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000].) In short, the controversy must be of a character which admits of specific and conclusive relief by judgment within the field of judicial determination, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, and not suggest, what the parties may or may not do." (See, also, *Conroy* v. *Civil Service Commission*, 75 Cal.App.2d 450 [171 P.2d 500].)

In the present case it does not appear that a controversy exists which requires a declaratory judgment, and that defendant does not deem it "necessary" to acquire the property through condemnation proceedings. Further amendment of the complaint would serve no practical purpose in "sta-

bilizing an uncertain or disputed jural relation.'' (*Maguire v. Hibernia S. & L. Soc.*, 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062] ; *New York Foreign Trade Zone Operators, Inc. v. State Liquor Authority,* 285 N.Y. 272 [34 N.E.2d 316] ; *Columbia Pictures Corp.* v. *De Toth,* 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747].)

The judgment in favor of defendant is affirmed.

Peters, P. J., and Bray, J., concurred.

Opinion was modified to read as above on October 28, 1948, and appellant's petition for a hearing by the Supreme Court was denied December 2, 1948.