[Civ. No. 21560.   Second Dist., Div. Three.   Aug. 21, 1956.]

GUY N. STAFFORD, Appellant, v. THE PEOPLE ex rel.
DEPARTMENT OF PUBLIC WORKS et al., Respondents.

Guy N. Stafford, in pro. per., for Appellant.

George C. Hadley, Paul E. Overton and Ray M. Steele for Respondents.

SHINN, P. J.—This purports to be an action in inverse condemnation. The complaint alleges that plaintiff has an interest in three town lots in the Athens District of Los Angeles County; one of them was conveyed by plaintiff to his wife as security for a debt; the two others have been acquired by the beneficiary of a trust deed. It is alleged that plaintiff has a right to redeem the first lot from his wife and that he has an option from the present owner to purchase the two other lots, all of which facts, it is alleged, are known to the defendants. The first lot has an inoperative oil well having a value of $100,000. On the other lots there are two inoperative oil wells having a value of $150,000. It is alleged that defendants propose to locate a highway through the lots which would destroy the oil wells and compel their abandonment and that defendants have paid nothing and propose to pay nothing for plaintiff's interest in the lots. It is alleged that there is another and better route for the highway which would not involve the taking of plaintiff's property. The complaint prays for $250,000 as damages if plaintiff's interest in the property is taken and for judgment requiring defendants to adopt an alternate route for the highway. Defendants appeared specially and moved for an order quashing service of summons and dismissing the action "upon the grounds of lack of jurisdiction of the court over said defendants." The motion was granted and judgment of dismissal without prejudice was entered which recites that the complaint does not state sufficient facts to constitute a cause of action for equitable relief and that it appears that the plaintiff had not presented his claim to the State Board of Control in compliance with section 16021 of the Government Code. Plaintiff appeals from the judgment and from orders respecting costs of suit.

An affidavit of one of defendants' attorneys was filed with the notice in which it was averred that there was no record of the giving of an undertaking by plaintiff as required by section 16047 of the Government Code. Also filed was an affidavit of another of defendants' attorneys in which it was averred that he had been informed that service of process had been attempted by service upon A. H. Henderson, Deputy

Director of Public Works. The court granted the motion and by its judgment quashed service of summons and dismissed the action. It appears that the ground of the motion was that service was made on the deputy director rather than upon the director himself and that the service therefore was invalid (Gov. Code, § 16048). Defendants do not undertake to justify the order quashing service and the point will be deemed to have been waived. However, it is immaterial on the appeal whether it was error to quash service of process.

Notwithstanding the fact that defendants had made a special appearance, they made a general attack upon the sufficiency of the complaint. They urged the failure of plaintiff to give an undertaking for costs and attorney's fees in accordance with section 16047 of the Government Code. They also urged the point that the complaint failed to show that plaintiff had presented a claim to the State Board of Control pursuant to sections 16021 and 16041 of the Government Code and they also contended that the complaint did not state a cause of action for equitable relief.

Although it is manifest that the complaint is fatally defective and could not be amended to state a cause of action defendants did not file a demurrer but chose to avoid having to make a general appearance by urging their motion to quash service of summons. But while contending they had not been served they made a general attack upon the complaint. The reasons for this oblique attack can be known only to the defendants. Notwithstanding the method of approach it appears that the motion to dismiss was presented as a general attack upon the sufficiency of the complaint to confer jurisdiction, which would necessarily require the court to determine whether the action was one the court could entertain. It appears there was an unrestricted inquiry into the merits of the action and it is not contended by plaintiff that that inquiry was limited by the methods of attack pursued by defendants. But regardless of any questions of procedure in the trial court they are of no moment on the appeal if they did not prevent a full and fair disposition of matters in issue or result in harm to plaintiff (Code Civ. Proc., § 475; Const., art. VI, § 4½; 4 Cal.Jur.2d 499). This has been the law since the codes were adopted in 1872. It has been followed consistently as a cardinal principle in the consideration of appeals and it needs no exposition or construction except a consideration of its applicability to the facts of the present case.

■ The all-important and determinative fact in the present case is that no cause of action existed in favor of plaintiff for the taking or damaging of his property. According to the allegations of the complaint no property had been taken and none had been damaged. It was alleged only that the defendants intend to open a highway through the property. Not until his property is taken or damaged will he have any right to compensation. (*Silva* v. *City & County of San Francisco*, 87 Cal.App.2d 784 [198 P.2d 78].) It would be an idle act to remand the case to the trial court for further proceedings when it is obvious that no cause of action existed at the time the action was brought and plaintiff could not in any event prevail through any further proceedings in that court. The action has been dismissed without prejudice. That was the proper disposition of the cause on the merits and it would be the only proper disposition to be made upon any further consideration of the matter by the trial court. If and when plaintiff's property is taken or damaged he will be entitled to compensation in any amount found to be due him. He is not entitled to be heard further in the present case for the reason that he has pleaded no case and his complaint could not be amended to state a cause of action against the defendants.

The briefs discuss the contention of plaintiff that the requirements for the giving of an undertaking and the presentation of a claim against the state are in violation of his constitutional right to receive compensation. ■ The courts do not decide questions of constitutional rights unless they are required to do so in order to make a proper disposition of the cause. It was said in *Palermo* v. *Stockton Theatres, Inc.*, 32 Cal.2d 53, 65 [195 P.2d 1] : ''It has been suggested . . . that we should reverse our previous holdings and dispose of this case by ruling that 'the statute here involved is clearly unconstitutional, and should, therefore, be stricken down.' We are of the view that this issue, unnecessary to the decision, should not be decided here or made the subject of a dictum. It has heretofore been considered against the policy of this court (and of courts of last resort generally) to reach out and unnecessarily pronounce upon the constitutionality of any duly enacted statute. At least as early as *Estate of Johnson* (1903), 139 Cal. 532, 534 [73 P. 424, 96 Am.St.Rep. 161], this court said, 'A court will not decide a constitutional question unless such construction is absolutely necessary' (see, also, *Marin Municipal Water Dist.* v. *Dolge* (1916), 172 Cal.

724, 726 [158 P. 187]. . . ." (*Cf. Riley* v. *Chambers*, 181 Cal. 589, 596 [185 P. 855, 8 A.L.R. 418]; *Estate of Hotaling*, 74 Cal.App.2d 898, 903 [170 P.2d 111]; 11 Cal.Jur.2d 382-384.) It is unnecessary to consider the attack made upon statutory requirements for the presentation of claims and furnishing of undertakings inasmuch as the appeal may be disposed of properly for the reasons we have stated. Moreover, when we have decided that plaintiff had no claim on which he could sue there is no occasion for considering whether, if he had had a claim, he would not have been barred from suing by his failure to present it and to furnish a bond.

Although the complaint prays that defendants be required to select another route for the highway, no facts are alleged nor does it appear that facts could be alleged which would warrant a judgment controlling the actions of the defendants in selecting a route for the highway. ■ The state may not be sued except when it has given consent to be sued. We are not aware that it has given its citizens a right to sue to control the action of the authorities in selecting a route for a highway.

Plaintiff filed a cost bill of $18.70 and defendants one for $6.50. Upon motions of the respective parties plaintiff's costs were disallowed and those of the defendants allowed. Although plaintiff noticed an appeal from these orders the point is not presented in his brief and will be deemed to have been waived.

The judgment of dismissal without prejudice and the orders are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied September 18, 1956.