THOMAS E. BAKKEN, Plaintiff and Appellant, *v.* THE STATE OF MONTANA, STATE HIGHWAY COMMISSION of the State of Montana, and ROY SORRELLS, GEORGE GOSMAN, TED JAMES, OTIS S. WATERS, and S. N. HALVORSON, as Members of and Constituting the State Highway Commission of the State of Montana, and FRED QUINNELL, JR., State Highway Engineer, Defendants and Respondents.

No. 10502

Submitted March 15, 1963. Decided May 29, 1963.

382 P.2d 550.

Charles D. Wahl (argued orally), Glendive, for appellant.
Harry C. Alley (argued orally), Helena, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal by the plaintiff from a summary judgment entered in favor of the defendants by the Honorable L. C. Gulbrandson, Judge of the seventh judicial district at Glendive, Dawson County, Montana.

The facts of this cause are devoid of complexity. The plaintiff, a resident of Glendive, filed his complaint against the defendants alleging damages caused by the depreciation of his real property and personal hardship by reason of the proposed construction of the interstate highway through the City of Glendive, Montana.

The complaint states that in the year 1957, an agent of the defendants held a hearing in the City of Glendive wherein it is stated that the location of the proposed interstate highway would be through the "north route" which parallels South Rosser Avenue in that city and that all of the plaintiff's property was located within the boundaries of the proposed interstate highway; that plaintiff being a home building contractor, he has been unable to sell, lease, develop or finance this real property for building homes since the year 1957 by reason of this proposed interstate route.

Plaintiff bases his action on section 14 of Article III of the Constitution of Montana, which states:

"Private property shall not be taken or damaged for public use without just compensation having first been made to or paid into court for the owner."

Without resorting to a play on semantics, this cause can be designated as an *inverse condemnation* proceeding and is a case of first impression in this state.

To the plaintiff's complaint, the defendants filed under Rule 12, (b) M.R.Civ.P., a motion containing three elements:

(1) Lack of jurisdiction over the subject matter;

(2) Lack of jurisdiction over the person; and

(3) Failure to state a claim upon which relief can be granted.

On September 6, 1962, the trial court granted the motion and entered a summary judgment in favor of defendants, and thereafter this appeal was filed from that judgment containing three specifications of error, which are in the exact language of Rule 12, (b) supra.

In addition to section 14 of Article III of the Montana Constitution, this court must also consider section 93-9913, R.C.M. 1947, as amended, which reads:

"For the purpose of assessing compensation the right thereto shall be deemed to have accrued at the date of the service of the summons, and its actual value as of that date shall be the measure of compensation for all property to be *actually taken*, and the basis of depreciation in value of property not actually taken, but injuriously affected. * * *"

Designate this cause by whatever name occurs, it still must be an action involving the *actual* condemnation of land.

■ The legal profession is familiar with the distinction between damage and injury, *damnum abseque injuria,* has been the answer to many a law suit, which, being interpreted means that there may be damage or loss without any violation of legal right. These words are practically synonymous and their substance is exactly the same.

■ Through the years our court has made it plain that the right of the plaintiff is for the physical taking of property and plaintiff here predicated his appeal on the case of Less v. City of Butte, 28 Mont. 27, 33, 72 P. 140, 61 L.R.A., 601, wherein damages were awarded for a change of the grade in a street in the City of Butte. This court there said:

"While it is doubtless true that the Constitution does not authorize a remedy for every dimination in the value of property which is caused by public improvement, the damages for which compensation is to be made being a damage to the property itself, and not including mere infringement of the owner's

169

personal pleasure or enjoyment [Citing cases.] in the case at bar it is practically conceded that respondent is entitled to damages in the amount of the judgment rendered provided the appellant is liable at all."

The other cases cited by the appellant all present the *actual physical invasion* of the property, which situation does not obtain in this cause.

In Chicago Housing Authority v. Lamar, 21 Ill.2d 362, 172 N.E.2d 790, 792, the court observed:

"No Illinois cases have been cited which involve facts similar to those alleged in the defendant's petition. All the damage alleged in the instant petition is claimed as a result of incidental activities of the condemning authority prior to the filing of the petition to condemn.

"It is a well-recognized proposition of law that land is not damaged by reason of preliminary procedure looking to its appropriation to a public use. Eckhoff v. Forest Preserve District, 377 Ill. 208, 214, 36 N.E. 2d 245, City of Chicago v. Lederer, 274 Ill. 584, 113 N.E. 883. Under the Constitution of 1870, we have awarded compensation in cases involving a partial taking of property and also in cases where no property was actually taken. In many Illinois cases, we have allowed compensation for damages to a remainder of the property. *These cases always involve the actual taking of a part of the property and an actual, but not speculative or conjectural, damage to the remainder of the property.*"

■ In Stafford v. People, 144 Cal.App. 2d 79, 300 P.2d 231, the court stated:

"The all-important and determinative fact in the present case is that no cause of action existed in favor of plaintiff for the taking or damaging of his property. According to the allegations of the complaint no property had been taken and none had been damaged. It was alleged only that the defendants intend to open a highway through the property. *Not until his property is taken or damaged will he have any right to com-*

*pensation.* Silva v. City & County of San Francisco, 87 Cal. App.2d 784, 198 P.2d 78." Emphasis supplied.

The foregoing case is nearly identical with the case at bar and this court will adopt the reasoning and result of Stafford v. People, supra.

The trial court was correct in granting a judgment on the pleadings, and the judgment of the trial court is affirmed.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and JOHN C. HARRISON, concur.