BUFORD B. LEDBETTER et ux., Plaintiffs in Error,

*v.*

WILLIAM O. BEACH, County Judge of Montgomery County, Tennessee, Defendant in Error.

421 S.W.2d 814.

(*Nashville*, December Term, 1966.)

Opinion filed November 27, 1967.

JAMES O. NOLAND and CAROL A. CATALANO, Clarksville, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, and WILLIAM L. BROOKS, Assistant Attorney General, Nashville, for defendant in error.

624

Mr. Justice Humphreys delivered the opinion of the Court.

A demurrer was sustained to plaintiffs-in-error's declaration, and they have appealed assigning errors.

By their declaration plaintiffs alleged that after they had bought a newly constructed residence in 1963, selected because of the residential nature of the entire area, and in contemplation of peaceful and quiet enjoyment of their home, commencing in December, 1965, a right-of-way for a highway was condemned within ten feet of their property line, being within 125 feet of the back of their house, and construction was begun thereon. That this construction was accompanied by the noise of heavy duty machinery, dirt and dust created by grading and levelling off of the road area, and the general impairment of the private use which the plaintiffs might otherwise have made of their property to the rear of their house. It was alleged that plaintiffs expected upon the completion of the roadway to be subjected to noise of public traffic upon the highway and subject to the danger inherent in the presence of a public highway immediately adjoining the rear of their property. Further, that the private residential use of their property they intended when they bought it was greatly impaired by

the permanent and constant presence of the general public on the highway to the rear of their property line.

Specifically, plaintiffs averred, that the acquisition by defendant of realty for road purposes so close to their residence *and the other property adjoining their residence* is a restriction or interruption of the common or necessary use and enjoyment of their property and therefore constitutes a taking within the meaning of Article I, sec. 21, of the Constitution of Tennessee, for which they are entitled to compensation under the statutes and Constitution of Tennessee. (Our emphasis)

Plaintiffs also averred that while the condemnor had a discretion as to the location of a public project, that "placing said highway upon or immediately adjacent to their own and six other residences, which was intended as a residential area, instead of further away, where there was ample land available for the replacing of such highway," was an abuse of this discretion.

They alleged that their property was worth $30,000.00 before the construction of the highway and that its present value, because of said construction, has been reduced to approximately $20,000.00 or even less. Accordingly, they sued for $10,000.00 as incidental damages.

A comprehensive demurrer, raising in detail basic legal grounds for dismissal of plaintiffs' declaration was filed, as follows:

"Comes now the Defendant, William O. Beach, in his official capacity as County Judge of Montgomery County, Tennessee, and demurs to the Plaintiffs' declaration upon the following grounds:

1. The declaration shows on its face that no part of Plaintiffs' property is taken or required for the

right-of-way for the highway and that the damages which Plaintiffs claim to suffer are not severance damages.

2. The damages which Plaintiffs claim to suffer are neither special nor peculiar as a result of the construction of the highway, but are the type and kind of damages which are common to highway construction and which are shared generally by all landowners whose properties lie within range of the proposed highway and its construction.

3. The declaration shows that the damages claimed by the Plaintiffs do not result from any special or peculiar effect which the proposed highway and its construction has upon Plaintiffs' land, and the declaration also fails to show where there has been any physical disturbance of, any substantial interference with, or invasion of any right that will deprive the Plaintiffs of their use or enjoyment of their property.

4. The declaration shows that the type and kind of damages which Plaintiffs claim to suffer do not amount to a 'taking' within the meaning of any provision of the Tennessee State Constitution.

5. The selection of the right-of-way for the proposed highway by the public authorities in the manner and in the location as alleged in Plaintiffs' declaration constitutes neither common law or statutory negligence nor an abuse of discretion.

6. The declaration shows that the type and kind of damages which Plaintiffs claim to suffer are non-compensable.

Wherefore, the Defendant says that the declaration fails to state a cause of action, and he prays the judg-

·ment of the Court as to whether he should plead further." Tr. pp. 9-10

As indicated, the trial judge sustained this demurrer, dismissing plaintiffs' suit and they have appealed and assigned the following errors:

"I. Plaintiffs-in-error aver that the trial court erred in sustaining the demurrer of the defendant on the ground that a severance of land is necessary to constitute a 'taking' of property (technical record, page 9, grounds number 1, 3 and 4)."

"II. Plaintiffs-in-error aver that the trial court erred in sustaining the demurrer of the defendant on the ground that plaintiffs' damages were common and not compensable as a matter of law (technical record, page 9, grounds number 2, 3 and 6)."

Under these assignments of error plaintiffs make and rely on two propositions:

First, that there is a taking within the meaning of Article I, sec. 21, of the Constitution of Tennessee, prohibiting the taking of private property for public use without compensation, if, as a result of another taking, private property, none of which is taken, nor directly or immediately physically interfered with or affected by the taking, is diminished in value. *Shelby County v. Dodson et al.*, 13 Tenn.App. 392 is cited as authority for this proposition.

The second proposition is that, even where there is no physical taking or severance of land, or direct interference with any rights therein, the question whether a property owner has suffered compensable damages peculiar to him, and not shared generally by landowners whose properties lie within the range of the public proj-

ect, and so is entitled to a recovery, is a question of fact which can be properly determined only by a jury. No case from this jurisdiction, or elsewhere, is cited in support of this contention.

Answering, the State contends that the act of locating a highway in close proximity to a landowner's residence does not constitute a taking within the meaning of our constitution or statutes: citing *Lewisburg & N. R. Co. v. Hinds,* 134 Tenn. 293, 183 S.W. 985, L.R.A.1916E, 420, and *State v. Rascoe,* 181 Tenn. 43, 178 S.W.2d 392.

Since in general terms the Constitution and statutes of Tennessee have been invoked as a basis for plaintiffs-in-error's action it is proper that we examine these.

Article I, sec. 21, of the Constitution of Tennessee, which provides for compensation for the taking of property for public use reads as follows:

"Sec. 21. No man's services or property taken without consent or compensation.—That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor." Vol. 1, T.C.A. p. 339.

Clearly, this section does not provide for damages such as are here sued for, only providing for compensation for property taken or applied to public use.

The distinction is important, since the constitution of some states specifically guarantees compensation for any damage which property may sustain, without regard to its actual taking or application to public use. For a discussion of the constitutional right to consequential damages where no property is taken see 27 Am.Jur.2d

sec. 482; 20 A.L.R. 516. Concerning a constitutional provision such as ours, this same authority says:

"In the states which have not adopted the constitutional provision requiring compensation when property is damages for the public use, if the statute provides no remedy for injury necessarily resulting from the construction of a public work by the state or by a municipal corporation, the owner is generally without redress, either against the state or an instrumentality thereof, or against the municipality or the contractors or agents it has employed to do the work. The rule is the same in the case of public improvements constructed by a private corporation, where it appears from the statute authorizing the work that the legislature intended to exonerate the corporation from liability, or when the injury is a necessary incident to the construction or operation of the work, as, for example, the injury to adjacent lands caused by the smoke, noise, and vibration incident to the operation of a steam railroad," 27 Am.Jur.2d sec. 482, p. 421.

The Code sections having to do with defining the damages recoverable by a landowner are to be found in T.C.A. sec. 23-1414, 23-1423, and 23-1537. See Footnote [1].

---

[1] "23-1414. *Elements of damages.*—In estimating the damages, the jury shall give the value of the land or rights taken without deduction, but incidental benefits which may result to the owner by reason of the proposed improvement may be taken into consideration in estimating the incidental damages. Where the removal of furniture, household belongings, fixtures, equipment or machinery is made necessary by the taking, the reasonable expense of such removal shall be considered in assessing incidental damages. The reasonable expense of the removal of such chattels shall be construed as including the cost of: any necessary disconnection, dismantling or disassembling, the loading, and drayage to another location not more than ten (10) miles distant, and the reassembling, reconnecting, and installing in such new location."

"23-1423. *Action initiated by owner.*—If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may

■ It is only necessary to read these statutes, to see they afford no basis of action to plaintiffs because of the damages they allege in their declaration. Plaintiffs do not allege a physical taking of any of their land. Nor, do they allege any direct interference with their rights of enjoyment therein, except by the fact of the presence of the highway to the rear of their property.

So, they have not alleged a cause of action under the constitution or statutes of the State, which in terms contemplate a taking of land and damages to that part remaining, or direct interference amounting to a physical invasion or deprivation of use. We quote with approval from *Lewisburg & N. R. Co. v. Hinds,* supra:

"We do not desire to incumber the present discussion with any extended consideration of the rights of adjacent owners, no part of whose land has been taken. There are two important theories upon this question, upon which the authorities are at variance. One of these is that any interference which impairs the value of adjacent property is a taking, and is to be compensated for as such; the other is that the interference must amount to a nuisance before relief can be granted. We adopt from a very recent decision of the Supreme

petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."

"23-1537. *Manner of determining damages to which owner is entitled.*—In all instances the amount which an owner is entitled shall be determined by ascertaining the fair cash market value of the property or property rights taken and adding to the same the amount of incidental damage done to the residue of the owner's property, if any, after deducting from said incidental damages to the residue the value of all special benefits, if any, occasioned said residue by the construction of said street, road, highway, freeway or parkway including, but not limited to, increased accessibility to the owner's property, greater convenience in the approach with vehicles, the advantages generally of a front on a more desirable roadway, better drainage, or increased attractiveness."

Court of the United States the common-law rule, as we understand it, governing the rights of mere adjacent owners, no part of whose property has been taken for the public improvement, in respect of mere consequential damages:

'Any diminution of the value of property not directly invaded nor peculiarly affected, but sharing in the common burden of incidental damages arising from the legalized nuisance, is held not to be a 'taking' within the constitutional provision. The immunity is limited to such damages as naturally and unavoidably result from the proper conduct of the road and are shared generally by property owners whose lands lie within range of the inconveniences necessarily incident to proximity to a railroad. It includes the noises and vibrations incident to the running of trains, the necessary emission of smoke and sparks from the locomotives, and similar annoyances inseparable from the normal and nonnegligent operation of a railroad. *Northern Transp. Co. v. Chicago,* 99 U.S., 635, 641, 25 L.Ed. 336, 338; *Beseman v. Pennsylvania R. Co.,* 50 N.J.Law, 235, 240, 13 A. 164, affirmed in 52 N.J.Law, 221, 20 A. 169. That the constitutional inhibition against the taking of private property for public use without compensation does not confer a right to compensation upon a landowner, no part of whose property has been actually appropriated, and who has sustained only those consequential damages that are necessarily incident to proximity to the railroad, has been so generally recognized that in some of the states (Arkansas, California, Colorado, Georgia, Illinois, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, South Dakota, Texas, West Virginia, and Wyo-

ming are, we believe, among the number) Constitutions have been established providing, in substance, that private property shall not be taken or damaged, for public use without compensation. The immunity from liability for incidental injuries is attended with a considerable degree of hardship to the private landowner, and has not been adopted without some judicial protest But, as pointed out by Chief Justice Beasley in the Beseman Case, 50 N.J.Law, at page 238 (13 Atl., 164), if railroad companies were liable to suit for such damages upon the theory that with respect to them the company is a tortfeasor, the practical result would be to bring the operation of railroads to a standstill. And, on the whole, the doctrine has become so well established that it amounts to a rule of property, and should be modified, if at all, only by the lawmaking power. But the doctrine, being founded upon necessity, is limited accordingly.' *Richards v. Washington Terminal Co.,* 233 U.S., 546, 554, 34 Sup.Ct., 654, 657, 58 L.Ed., 1088, 1092 (L.R.A., 1915A, 887).

Our own authorities are in substantial accord. *Railroad v. Bingham,* 87 Tenn. 522, 11 S.W. 705, 4 L.R.A. 622; *Harmon v. [Louisville, N. O. & T] Railroad,* 87 Tenn. 614, 11 S.W. 703; *[City of] Chattanooga v. Dowling,* 101 Tenn. 342, 47 S.W. 700; *Brumit v. [Virginia & S. W.] Railroad,* 106 Tenn. 124, 60 S.W. 505; *Terminal Co. v. Jacobs,* 109 Tenn. 727, 72 S.W. 954, 61 L.R.A. 188; *[Louisville] & N. Terminal Co. v. Lellyett,* 114 Tenn. 368, 85 S.W. 881, 1 L.R.A. (N.S.), 49; *Gossett v. [Southern] Railroad,* 115 Tenn. 376, 89 S.W. 737, 1 L.R.A. (N.S.) 97, 112 Am.St.Rep. 846; *Coyne v. [City of] Memphis,* 118 Tenn. 651, 102 S.W. 355, and cases cited. The cases in other jurisdictions

to the same purport are so numerous that we shall not attempt to cite them.

Relief is granted in several states under Constitutions and statutes which authorize recoveries when any property has been 'damaged' or 'injured' by a public improvement, and in England where land has been 'injuriously affected.' Among these states are those mentioned in *Richards v. Washington Terminal Co.*, and, in addition, we believe, the states of Oklahoma, Virginia, Washington, Minnesota, Kentucky, and Alabama. 1. Lewis on Eminent Domain (3rd Ed.), sec. 346, and note; 10 Ruling Case Law, pp. 164, 165, sec. 145." 134 Tenn. 305-308, 183 S.W. 988.

Mr. Chief Justice Neil concluded his discussion of this matter as follows:

"The weight of authority, in the states having the new Constitutions referred to, and in England, seems to be in favor of the second of the conclusions stated in the foregoing excerpt. We need not pursue this matter further, however, since we have no such provision in our Constitution, and no statute covering that ground." 134 Tenn. 309, 183 S.W. 989.

This proposition cannot be condemned as ancient and outmoded, as in *State v. Rascoe et al.*, 181 Tenn. 43, 52, 178 S.W.2d 392, 395, in an opinion by Mr. Chief Justice Grafton Green, we find the following:

"It is said that the construction of the air base would have closed the road had no part of Mrs. Rascoe's property been expropriated but by reason of the fact that part of her land was taken her rights are different from the rights of one who would have only been damaged by the closing of the road but none of

whose land was condemned. This question is fully discussed in *Lewisburg & N. R. Co. v. Hinds et al.*, 134 Tenn. 293, 183 S.W. 985, L.R.A.1916E, 420. Owners of land, no part of which has been taken for public purposes, are not entitled to compensation for damages naturally and unavoidably resulting from the careful construction and operation of the public improvement which damages are shared generally by owners whose lands lie within the range of the inconveniences necessarily attending that improvement." 181 Tenn. 52, 178 S.W.2d 395.

Also see *Bakken v. State Highway Comm.*, 142 Mont. 166, 382 P.2d 550 (1963), holding that there is no cause of action for depreciation of property from the construction of an interstate highway through a city.

We find nothing in *Shelby County v. Dodson et al.* supra, indicating any intention to depart from the teachings of the cases we have quoted from. That case involved a change of grade of a roadway, resulting in water damage to the landowner's property. This, of course, was a direct invasion of the property and justified a recovery under our constitution and statutes. We have no such case here.

. As to plaintiffs' proposition that they were entitled to have a jury decide whether the damage they had sustained was special and peculiar to them, and not shared generally by landowners lying along the public highway, after most serious consideration, we have concluded their declaration presented no jury question.

■ Every declaration must be predicated not only upon its particular facts, but upon a rule of law supporting a recovery under those facts. Here, plaintiffs-in-

error are unfortunately unable to invoke any rule of law, operative in Tennessee, which allows recovery simply for the reduction in value of property because of the construction of a highway in close proximity thereto. In other words, as we have heretofore pointed out, this is not a taking of property which is compensable under our constitution or statutes, nor under any other rule of law recognized in this state. *Lewisburg & N. R. Co. v. Hinds; State v. Rascoe,* supra.

We conclude by pointing out that it has been the law in Tennessee for more than fifty years that property owners cannot recover damages of the kind plaintiffs sue for. And that during all this time it has been within the power of the General Assembly to change the rule, but it has not seen fit to do so. In the light of which this Court would not be justified in undertaking such a radical and obviously expensive alteration in the law on its own account. If the rule is to be changed, (and fairness to property owners, and the example of other states indicates serious consideration should be given the question), this will have to be by the legislative process, where such rights can be defined, and restricted, and money with which to pay therefor can be provided.

The assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.