SPROUL HOMES OF NEVADA, A CORPORATION, APPELLANT, v. STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS AND COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENTS.

No. 10513

May 15, 1980                                   611 P.2d 620

*Morris and Wood,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, and *Robert Callaway,* Deputy Attorney General, Carson City, for Respondent State of Nevada.

*Robert Miller,* District Attorney, and *Melvin R. Whipple,* Deputy District Attorney, Clark County, for Respondent County of Clark.

## OPINION

By the Court, MANOUKIAN, J.:

In June 1977, plaintiff-appellant Sproul Homes, instituted an action in inverse condemnation for damages asserted to have been occasioned by alleged precondemnation activities of the respondents herein, County of Clark and the State of Nevada on relation of its Department of Highways. Both the state and Clark County filed motions to dismiss appellant's complaint on the ground that it failed to state a claim for relief. NRCP 12(b)(5). The trial court granted the motions and entered orders of dismissal. Sproul appeals.

The main issue before us is whether the complaint sufficiently sets forth a cause of action for relief in inverse condemnation. We hold that it does not, and affirm the order of dismissal.

Sproul is a Nevada corporation which is engaged in the acquisition of large parcels of land for the purpose of subdividing, improving and selling single-family residences. The complaint alleges that sometime in the early 1950s "the defendants

indicated a need for construction of the East Leg of U.S. 95 Expressway in the Las Vegas Valley;'' that the defendants recently announced the location of the expressway through appellant's property; that precondemnation public announcements have threatened and clouded appellant's land; and, that the defendants have refused to institute condemnation proceedings against the realty. Although the complaint contains an allegation of governmental trespass, and generalizations that the state has disregarded rules of ''common decency,'' the basis of the cause of action seems to be that the ''pre-condemnation announcement'' as to the proposed expressway over its land constituted a taking. The complaint further alleges that the state has discussed with appellant the intention of the state to acquire a large parcel of appellant's land and that the state has entered appellant's land for purposes of survey and appraisal. It is additionally alleged that the defendants' ''failure and refusal to commence eminent domain [proceedings] against plaintiff is with the intent to coerce plaintiff into selling its land to defendants for less than fair market value'' and that appellant could not obtain from local governmental authorities the necessary building permits to construct improvements on the affected property.[1] These are the alleged governmental activities which purport to constitute a taking, and to which the motions to dismiss were addressed.[2]

Appellant contended below, as it does here, that the limitations on the use of its land constitutes an unconstitutional taking of property without just compensation for which an action in inverse condemnation will lie. U.S. Const. amend. V, XIV; Nev. Const. art. I, § 8. On the instant record, we disagree.

It is well-established that the mere planning of a project is insufficient to constitute a taking for which an inverse condemnation action will lie. Selby Realty Co. v. City of San Buenaventura, 514 P.2d 111, 116 (Cal. 1973); Bakken v. State, 382

---

[1]We were informed by counsel that on February 1, 1977, the Clark County Board of Commissioners approved appellant's application for a change of zoning on appellant's approximate 111 acres of land to single-family residences, with the exception of 11.467 acres. As to the latter acreage, the Commission imposed the condition ''that no development will take place on the triangular portion of property bound by the proposed freeway (Palm and Hacienda).'' As a result, appellant has developed all but the 11.467 acres.

[2]In granting the motions to dismiss, the trial court held that the allegations in the complaint only tend to show ''that plaintiffs' land is being proposed for condemnation, as opposed to the governments' adopting a firm plan to condemn plaintiffs' property. Merely designating someone's land for study and surveying to determine if the land is appropriate for public use fails to state a claim in inverse condemnation for which relief can be granted.''

P.2d 550, 551–52 (Mont. 1963); City of Buffalo v. J. W. Clement Co., 269 N.E.2d 895, 904 (N.Y. 1971); Thurow v. City of Dallas, 499 S.W.2d 347, 348 (Tex.Civ.App. 1973). In *Selby Realty Co.,* the City of San Buenaventura and the County of Ventura adopted a general plan for the long-term development of the city and county. A California statute required that the city and county publish the general location of existing and proposed streets. The publication revealed a proposed extension of certain streets over the plaintiff's land. The plaintiff filed an action in inverse condemnation contending that the general plan showed certain proposed streets extending through its property and that no compensation had been offered for any of the plaintiff's land upon which the proposed streets would be located. The trial court sustained a demurrer to the plaintiff's claim. Plaintiff failed to amend and judgment was entered. Selby Realty Co. v. City of San Buenaventura, 514 P.2d at 114–15. On appeal, the court stated: "In order to state a cause of action for inverse condemnation, there must be an invasion or an appropriation of some valuable property right which the landowner possesses and the invasion or appropriation must directly and specially affect the landowner to his injury." *Id.* at 117. The court continued:

> *If a governmental entity and its responsible officials were held subject to a claim for inverse condemnation merely because a parcel of land was designated for potential public use on one of these several authorized plans, the process of community planning would either grind to a halt, or deteriorate to publication of vacuous generalizations regarding the future use of land.* We indulge in no hyperbole to suggest that if every landowner whose property might be affected at some vague and distant future time by any of these legislatively permissible plans was entitled to bring an action in declaratory relief to obtain a judicial declaration as to the validity and potential effect of the plan upon his land, the courts of this state would be inundated with futile litigation.

*Id.* at 117–18 (emphasis added). We agree with this reasoning.

Clearly, not every decrease in market value as a result of precondemnation activity is compensable. Nevertheless, when the precondemnation activities of the government are unreasonable or oppressive and the affected property has diminished in market value as a result of the governmental misconduct, the

owner of the property may be entitled to compensation. Klopping v. City of Whittier, 500 P.2d 1345, 1355 (Cal. 1972).

In the present case, as in *Selby,* there has been no invasion or appropriation of Sproul's property. Beyond the claimed entry for the purpose of surveying and appraising, there is no allegation of a physical invasion of its land. Nor is there any showing of finality regarding the state's proposed project. Indeed, there is no allegation that appellant's property will definitely be acquired for highway purposes. As in *Selby,* the state has placed no legal or physical obstacles in the path of Sproul in its use of the land. Additionally, appellant has failed to allege dates of claimed governmental activities, the reference to plans is vague, and there is no reference to resolutions by the Nevada Department of Highways, the condemning authority. Moreover, there is no factual allegation of undue or unreasonable delay, nor is there sufficient factual averment relating to bad faith or oppressive conduct on the part of the government. *Cf.* Klopping v. City of Whittier, 500 P.2d 1345 (Cal. 1972) (government engaged in oppressive conduct in attempting to acquire property).

We also find that the complaint is replete with generalizations and conclusory matter. Appellant also sets forth a number of potentially relevant factual allegations in its briefs which cannot reasonably be inferred from the complaint. It is arguable that those additional allegations could be construed as indicative of oppressive conduct on the part of respondent state. But, "[t]his court can only consider the record as it was made and considered by the court below." Lindauer v. Allen, 85 Nev. 430, 433, 456 P.2d 851, 852 (1969). It is clear to us, under all of the circumstances, that appellant has not stated a cause of action against the respondents for inverse condemnation. Because of the posture of this case, we do not reach the question of appellant's entitlement to compensation in the event that any zoning or other action precluded substantially all use of the land in question.

Finally, appellant contends that the Clark County Commission abused its discretion when it denied the zoning request and building permits. Clark County's refusal to grant the building permits or change zoning is only peripherally at issue here. If appellant can establish that the Commission acted arbitrarily or that its action was accompanied by manifest abuse, judicial interference by mandamus, and not by inverse condemnation, would be warranted. State *ex rel.* Johns v. Gragson, 89 Nev.

478, 482, 515 P.2d 65, 68 (1973). *See* Agins v. City of Tiburon, 598 P.2d 25 (Cal. 1979) (holding that inverse condemnation is an inappropriate remedy in cases in which unconstitutional regulation is alleged). *Cf.* Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391 (1979) (cause of action sufficiently alleged, showing Supreme Court's continuing adherence to the mandate of the fifth and fourteenth amendments).

We affirm the lower court's orders dismissing appellant's complaint.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:
I concur in the result.