## D & R PIPELINE CONSTRUCTION COMPANY, INC., Plaintiff-Appellant,

### v.

## GREENE COUNTY, Missouri, Defendant-Respondent.

### No. 12352.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 25, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied March 18, 1982.

Application to Transfer Denied April 13, 1982.

Devon F. Sherwood, Loren R. Honecker, Springfield, for plaintiff-appellant.

Theodore L. Johnson, III, John W. Housley, Springfield, for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff brought this action in two counts. The first count sought damages based on inverse condemnation. It alleged that by failing to rezone plaintiff's property defendant has taken it without compensation. Count II sought a declaratory judgment that the zoning classification for defendant's property was unlawful and void. Plaintiff dismissed Count II and thereafter the trial court found that Count I failed to state a claim for which the relief sought could be granted, and entered judgment in favor of defendant.

Count I alleged that the defendant had refused to rezone the property from "A–1

Agricultural District" which limited plaintiff's development of its land to one residence per ten acres of land because defendant had determined that denser development would be a potential threat to the water supply system of Springfield; that this determination "was arbitrary and unreasonable and denied Plaintiff the reasonable use of its land"; that the value of plaintiff's land as presently zoned was "very much less than the value of its land under its proposed rezoning"; that by its actions defendant has exercised powers of eminent domain over the property; that as presently zoned the property has a value of one million dollars "but if rezoned to permit its reasonable use its value would be $16,000,000.00"; that to require plaintiff only to make agricultural use of said land under all the circumstances was unreasonable and does not allow plaintiff the reasonable use of its land; and that without payment to plaintiff the defendant has obtained the benefits of condemnation in order to save expense to the City of Springfield, its City Utilities and members of the public. Plaintiff sought damages of fifteen million dollars.

Taking the factual allegations of plaintiff's petition as true, we consider whether it stated a claim for which relief can be granted. Defendant contends that the trial court's ruling was correct because its refusal to rezone plaintiff's property was not a "taking" for public use without just compensation; that inverse condemnation does not lie in zoning actions where the property owner alleges mere reduction of market value; and that the zoning of plaintiff's property and the refusal to rezone it did not entitle plaintiff to money damages because plaintiff's sole remedy was to bring an action to invalidate the zoning.

*Agins v. City of Tiburon,* 24 Cal.3d 266, 157 Cal.Rptr. 372, 598 P.2d 25, 28 (1979), aff'd. 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980), held that a landowner whose use of land is limited by a zoning ordinance "may not, however, elect to sue in inverse condemnation and thereby transmute an excessive use of the police power into a lawful taking for which compensa-

tion in eminent domain must be paid." In affirming, the U.S. Supreme Court did not reach that question. 447 U.S at 263, 100 S.Ct. at 2142. See also *San Diego Gas & Electric Company v. City of San Diego,* 450 U.S. 621, 101 S.Ct. 1287, 67 L.Ed.2d 551 (1981). Other decisions indicate that inverse condemnation actions may be allowed in some situations when zoning regulations are so restrictive that they constitute a taking of property. See *Holaway v. City of Pipestone,* 269 N.W.2d 28 (Minn.1978); *Burrows v. City of Keene,* 432 A.2d 15, 20 (N.H.1981); *Sproul Homes of Nevada v. State ex rel. Department of Highways,* 611 P.2d 620, 621–622 (Nev.1980); *Eck v. City of Bismarck,* 283 N.W.2d 193, 201 (N.D.1979); *Fifth Avenue Corp. v. Washington County,* 282 Or. 591, 581 P.2d 50, 63 (1978).

■ However, even if we assume, as those cases suggest, that inverse condemnation may sometimes be a proper remedy where zoning ordinances limit or prohibit the use of property, we do not view the allegations here as setting forth facts which would entitle plaintiff to bring inverse condemnation. The reason alleged for keeping the present zoning was not per se improper. In order to prevent pollution of water reservoirs, it is proper for zoning regulations to require larger parcels of land per residence near those reservoirs than ordinarily required in other areas. *Moviematic Industries Corp. v. Board of County Commissioners of Metropolitan Dade County,* 349 So.2d 667, 669 (Fla.App.1977); *Salamar Builders Corp. v. Tuttle,* 29 N.Y.2d 221, 325 N.Y.S.2d 933, 275 N.E.2d 585, 589 (1971). But see *Kasparek v. Johnson County Bd. of Health,* 288 N.W.2d 511, 518–519 (Iowa 1980).

*Eck v. City of Bismarck,* supra, 283 N.W.2d at 201, stated that inverse condemnation might be appropriate in some situations where there is an unconstitutional zoning ordinance. However, under the facts there presented, which are similar to those alleged here, the court held that "An allegation of mere reduction in the market value of property, however, cannot serve as the basis for an action for inverse condem-

nation." 283 N.W.2d at 197–198. We find the reasoning in *Eck* persuasive here. See also *Sproul Homes of Nevada v. State ex rel. Department of Highways*, supra, 611 P.2d at 622; *Holaway v. City of Pipestone*, supra, 269 N.W.2d 28; *Helix Land Co., Inc. v. City of San Diego*, 82 Cal.App.3d 932, 147 Cal.Rptr. 683, 689, (1978).

 We think it would be impractical and unrealistic to allow plaintiff to claim that the zoning is improper and to request damages for a permanent taking instead of seeking to change the zoning. If the zoning is improper, it should be changed. There are remedies available to plaintiff to so request. We hold that inverse condemnation is not a proper remedy for plaintiff here. Whether inverse condemnation might be a proper remedy in other zoning situations, or whether compensation can be sought on that theory for a temporary taking until a zoning ordinance is held improper or is otherwise changed, (see *Burrows v. City of Keene*, supra, 432 A.2d at 20) we do not decide.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.