CITY OF HENDERSON, NEVADA, WILLIAM B. BYRNES, MAYOR, AUDREY PAGAN, WILLIAM B. MAINOR, ROBERT E. KESTERSON, AND LOUIS F. LA PORTA, CITY COUNCIL THEREOF, AND N. D. VAN WAGENEN, CITY CLERK OF SAID CITY, APPELLANT, v. HENDERSON AUTO WRECKING, INC., A NEVADA CORPORATION, RESPONDENT.

No. 4318

February 27, 1961                    359 P.2d 743

*John Manzoni,* City Attorney, Las Vegas, for Appellant.

*Edwin J. Dotson,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, PIKE, J.:

The judgment appealed from ordered the issuance of a peremptory writ of mandate directed to the City of Henderson, its city council, and clerk, ordering them to issue to respondent corporation a use permit for the operation of a wrecking yard, and also, upon the payment by respondent of the fees therefor, to issue to respondent a business license to conduct said wrecking yard business in the city.

The court found that respondent had, for some 14 months prior to the commencement of the action, operated an automobile wrecking company within the city limits; that on March 27, 1959 respondent applied to the city planning commission for a use permit pertaining to the particular location therein referred to, which location was at that time zoned M-2, in which zone the operation of salvage and wrecking yards was permitted; that on April 2, 1959 the planning commission recommended to the city council that said use permit be issued; that thereafter, the matter having been referred back to the planning commission by the city council, the planning commission on April 23, 1959 again approved respondent's application for the use permit covering approximately five acres within the city limits; that on May 4, 1959 the city council denied the application for the use permit; that on the same date and at the same meeting the city council granted a use permit for the identical type of business in the same M-2 zone within the city and about 2,500 feet distant from the area for which respondent sought its use permit; that respondent had paid or tendered all fees required to be paid relating to the use permit and business license; that since the commencement of the action by respondent the city had enacted an ordinance changing the zoning of

the premises sought to be used by respondent, from the M-2 zoning which it previously had. The court concluded that the denial of the use permit to respondent, while at the same meeting of the city council a use permit was issued for the operation of a wrecking yard in the same zone area, constituted an abuse of discretion on the part of the council; that the same was arbitrary and capricious, and that the council's action was discriminatory and in violation of respondent's rights; that the change in zoning was an act in aid of the illegal act of the council in denying the use permit to respondent and that such action did not affect the right of respondent corporation to the use permit and business license sought by it. Based upon such findings the court then entered the judgment here appealed from.

The record shows that in the M-2 area within which the council granted a wrecking yard permit to one Estes, while at the same meeting it denied a like permit to respondent, there were several other wrecking yards and a welding shop. Certain of these last mentioned installations were between the location for which respondent sought a use permit and the location for which a use permit was issued to said Estes. Certain other of the wrecking yards were situated in the immediate vicinity of both the location which the council approved for use by said Estes as a wrecking yard and the location sought to be used by respondent. The record shows that a public hearing was had by the city planning commission on each of the two occasions when that commission approved and recommended to the city council that respondent's application for a use permit be granted. However, it does not appear from the record, nor is it contended that any evidence was given or statements made before the city council at the meeting at which the council rejected respondent's application, other than statements which were made by counsel for the interested parties, including a statement made by counsel representing a protestant to the granting of respondent's application. Likewise, nothing appears in

the record as constituting the basis upon which the council denied respondent's application while, at the same time, it granted a use permit to the other applicant for the operation of a wrecking yard in the same M-2 district. It is recognized that the recommendation of approval given by the city planning board, after a public hearing on two separate occasions, was not binding upon the council in the exercise of the city council's discretion; however, it was a circumstance which the trial court was entitled to consider, together with the other matters above referred to, in determining whether the council had denied respondent's application in the proper exercise of its discretion or whether there had been an abuse of that discretion. The trial court held that the council had abused its discretion. Under the circumstances above recited, this conclusion was justified and fully supports the judgment based upon the same and, accordingly, the judgment must be affirmed.

(1) Respondent, as plaintiff before the trial court, was required to establish abuse of discretion on the part of the city council in the denial by that body of respondent's application for a use permit. Such showing of an abuse of the discretion vested in the council was established before the trial court by respondent's showing of a lack of substantial evidence before the council, which served as a basis for its action in denying respondent's application. Concededly, the action taken by the city council in its administrative capacity, upon the matter properly before it, would not warrant interference by the trial court except where there was a manifest abuse of discretion. Here, however, where there was no evidence to support the council's actions, the trial court's action was proper. Perelman v. Yeadon Borough Board of Adjustment, 144 Pa. Super. 5, 18 A.2d 438; Freed v. Power, 392 Pa. 195, 139 A.2d 661. The exercise of discretion by the city council as an administrative board, could not be sustained in court on the basis of conclusions reached by the city council in the absence of circumstances which reasonably justified such conclusions. Strain v. Mims, 123 Conn. 275, 193 A. 754, 760.

(2) The trial court must be sustained in its holding that the change in the zoning area from M-2 to a more restrictive zoning, subsequent to the commencement of suit by respondent to enforce the issuance of such permit to him, did not affect respondent's right to the permit. The trial court found in that connection that the action by the city council in so rezoning the area was in furtherance of the council's illegal action in having denied the use permit to respondent. As substantial evidence supports such finding, it will not be disturbed on appeal.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.