J. C. McKENZIE, HOWARD F. McKISSICK, SR., ROBERT CLARKSON, MIKE MIRABELLI AND DICK STREETER, THE DULY ELECTED, QUALIFIED AND ACTING COMMISSIONERS OF THE COUNTY OF WASHOE, STATE OF NEVADA, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF SAID COUNTY, AND VICTOR J. TEGLIA AND NELLIE TEGLIA, APPELLANTS, v. CARL SHELLY, WM. E. PETTIS, WM. GARELL, GEORGE BELL, FARREL L. ROSS, RICHARD W. ROCK, F. J. CARLSON, ORELIA F. RINEHART, ROBERT E. ADAMS, HERMAN PEAVEY, JAMES L. BANKS, BOBBY CLEMENTS, S. J. DI MAGGIO, PAULINE DI MAGGIO, ALFRED DUNCAN, HELEN B. DUNCAN, GEO. A. PROBASCO, INC., MILO HERSTINE, ROWENA HERSTINE, JACK LEMIRE, AUDREY LEMIRE, PAUL E. LESSENGER, RUBY L. LESSENGER, C. EMMETT LEWIS, DORIS M. LEWIS, EUGENE D. MOORE, ANDELLA M. MOORE, JOHN T. MOWBRAY, REALTY INVESTMENT CORPORATION, GERALD ROCK, DOROTHY W. ROCK, R. N. SMITH, LETHA M. SMITH, GEORGE W. WILSON, THEODORA C. WILSON AND C. E. WINSLOW, RESPONDENTS.

No. 4410

May 17, 1961                    362 P.2d 268

(Petition for rehearing denied June 5, 1961.)

*William J. Raggio,* District Attorney, and *Eric L. Richards,* Deputy District Attorney, Washoe County, for Appellants County Commissioners.

*Ernest S. Brown* and *Jack I. McAuliffe,* of Reno, for Appellants Victor J. Teglia and Nellie Teglia.

*Belford, Anglim and Brown,* of Reno, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

On October 21, 1957 the board of county commissioners of Washoe County enacted an ordinance establishing

a land use plan for the unincorporated area of Washoe County which ever since November 8, 1957 has been in effect. The plan classified the land involved in this action as E-1 or residential. In 1958 Oddie Boulevard, a Reno-Sparks highway, was constructed and it constitutes the northern boundary of said land.

On October 5, 1959 Victor Teglia, one of the appellants herein, made application to the regional planning commission of Reno, Sparks, and Washoe County for a change of land use which if granted would classify said property as C-1 or light commercial. After a hearing, the regional planning commission made its ruling recommending denial of the application. Teglia thereupon appealed to the board of county commissioners from said ruling. After a public hearing, the board of county commissioners overruled the recommendation of the regional planning commission and on January 5, 1960 granted Teglia's application for change of land use.

Respondents commenced this action on February 9, 1960, naming Teglia, his wife, and the board of county commissioners as defendants. The complaint alleges that the action of the board "was arbitrary, capricious, unreasonable and in excess of its jurisdiction and authority in that: (1) there was no evidence produced at said hearing before said Board which justified a change in the then-existing land use classification of said real property; (2) said Board in effect granted a variance rather than a change in land use classification, which action was in excess of its jurisdiction and authority." Respondents further allege that they will suffer irreparable injury if said land use classification is changed.

Pursuant to the prayer of said complaint, the lower court entered judgment directing the board of county commissioners to rescind its action overruling the recommendation of the planning commission, adjudged such action of the board to be null and void, and ordered said land be classified as E-1.

Appeal is from said judgment.

Two errors are assigned but, inasmuch as we have concluded that the judgment must be reversed, only one requires consideration.

Appellants contend that the respondents have failed to prove that the action of the board of county commissioners was improper and that therefore the judgment of the trial court is erroneous.

Respondents recognize the general rule that a court is not empowered to substitute its judgment for that of a zoning board, in this case the board of county commissioners, when the board's action is supported by substantial evidence. They argue however that the only evidence supporting a change of use is the statement by appellant McKenzie hereinafter set forth, and that this evidence, if it can be termed evidence, is completely refuted. This argument in our opinion is without merit.

Under NRS 278.260, changes of the land use plan may be made by the governing body, which in this case is the board of county commissioners, after a public hearing in relation thereto upon notice. The record shows that at the public hearing which was properly noticed, eight witnesses testified against and eleven in favor of the requested amendment of the land use plan. All persons wanting to speak for or against the requested amendment were given an opportunity to do so.

It would serve no purpose to detail the nature of all the evidence presented at the public hearing. It does appear from the record that the board's action was based not only on such oral evidence, but also upon a map of the general plan and upon its own knowledge of existing conditions. Also, over one thousand signed written communications were submitted to the board.

Appellant McKenzie, a member of the board of county commissioners, stated for the record:

"[T]he last two weeks I have spent a lot of time down in the vicinity of Oddie Boulevard at Twelfth Street, your Sullivan Lane, and your Fifteenth Street, and Oddie Boulevard itself, at different times of the day, just to see what the traffic situation down there was, so I am convinced that the Oddie Boulevard has a terrific amount of traffic, and it is also very noisy traffic,

and I cannot conceive of anyone wanting to build a residence, residential home alongside Oddie Boulevard, either side of it. I cannot see how it can be sold for residential purposes with the noise on one hand, and because of the danger to their children, if they happen to have children in the family.

"On the other hand, we have to face the fact that the day will come when we have to change the land use down there. It cannot be used for residential. I just cannot see it being used for residential, and I do not see why we should wait any longer to change that land use, considering the fact that this shopping center, if it is built, will not be built for four or five years. By that time, that area will be built solid, and those people down there are certainly entitled to have the convenience of a shopping district in their area."

It was proper for the board to consider the said remarks of McKenzie. In the case of Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27, 32, one factor in determining the validity of the zoning change was the familiarity of the county commissioners with the county and the neighborhood. "Certainly, on the evidence before them, and the facts known to them, the County Commissioners as a legislative body could honestly, soundly, and fairly conclude that the public need required the amendment to the zoning map."

Evidence in favor of amending the land use plan showed that a change was desirable because the stores in Sparks, which are the closest to the land in question, were nevertheless, by reason of their distance, inconvenient and for such reason inadequate for the needs of this particular area and that prospective purchasers of land to be subdivided nearby favored proximity to shopping facilities. With a change of land use from residential to light commercial, shopping centers for this area would be permissible. We see no abuse of discretion on the part of the board of county commissioners in concluding that the land in question has become more suitable for commercial development than for residences.

The lower court had before it the same evidence as

the board. Its function was not to conduct a trial de novo, but only to ascertain as a matter of law if there was any substantial evidence before the board which would sustain the board's action. The function of this court at this time is the same as that of the lower court. See Nevada Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852.

[Headnote 4]

The presumption of validity which attaches to local zoning enactments includes also amendments thereto which constitute rezoning. 8 McQuillin, Municipal Corporations, sec. 25.93, p. 212 (3d rev. ed. 1957) ; Wakefield v. Kraft, supra; see Viale v. Foley, 76 Nev. 149, 350 P.2d 721.

In City of Henderson v. Henderson Auto Wrecking, Inc., 77 Nev. 118, 359 P.2d 743, 745, we held that "the action taken by the city council in its administrative capacity, upon the matter properly before it, would not warrant interference by the trial court except where there was a manifest abuse of discretion."

A trial court should uphold discretionary action of a municipal body to the same extent as an appellate court upholds the discretionary action of a trial court. See State v. Coleman, 67 Nev. 636, 224 P.2d 309.

Under the police power, zoning is a matter within sound legislative action and such legislative action must be upheld if the facts do not show that the bounds of that discretion have been exceeded. Keller v. City of Council Bluffs, 246 Iowa 202, 66 N.W.2d 113, 51 A.L.R. 2d 251.

Because the board's action is clothed with the presumption of validity, and is supported by substantial evidence, in the absence of a showing of an abuse of its discretion, the lower court was without power to nullify the same.

The trial court in its opinion stated that the case of Cresskill v. Dumont, 15 N.J. 238, 104 A.2d 441, "is completely determinative of the issues raised by the present action" even though the evidence in support of the board's action "is considered sufficient as to form." With this conclusion we do not agree. In the Cresskill

case the amendment to the zoning ordinance was held to be spot zoning and invalid. The test of spot zoning is whether the amendment was made with the purpose of furthering a comprehensive zoning scheme or whether it was designed merely to relieve the land of a restriction which was particularly harsh upon that particular land. The Cresskill case is distinguishable from the matter presently before us in that the court there found that the ordinance was in effect a special exception or variance and not in accordance with a comprehensive plan. In the present case the decision of the board to change the classification of the particular land from residential to light commercial was consistent with the board's determination to recognize the necessity of a commercial growth in this area. In such circumstances the judiciary must not interfere. See Kozesnik v. Montgomery Township, 24 N.J. 154, 172 et seq., 131 A.2d 1; 8 McQuillin, Municipal Corporations, sec. 25.84 (3d rev. ed. 1957).

Judgment is reversed and the case remanded with directions that the lower court enter judgment for the defendants.

BADT, C. J., and PIKE, J., concur.