STATE OF NEVADA Ex Rel. ROBERT THOMAS JOHNS, APPELLANT, v. ORAN GRAGSON, MAYOR; THE FOUR CITY COMMISSIONERS—HANK THORNLEY, ALEXANDER COBLENTZ, M.D., GEORGE F. FRANKLIN, JR., HAL F. MORELLI; AND THE BOARD OF ZONING ADJUSTMENT, CITY OF LAS VEGAS—CHAIRMAN HAGGARD, MR. HANES, MR. PYES, MR. O'BRIEN, AND MR. REINHARDT, RESPONDENTS.

No. 7141

October 29, 1973                                    515 P.2d 65

---

*Larry C. Johns,* of Las Vegas, for Appellant.

*Carl E. Lovell,* City Attorney, and *Janson F. Stewart,* Deputy City Attorney, Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

On October 29, 1971, after a public hearing and the receipt of appropriate fees from the applicant, the Board of Zoning

Adjustment of the City of Las Vegas determined that appellant, Robert T. Johns, had complied with the provisions of Las Vegas City Code § 11–1–24(C) and granted him a home occupation permit pursuant thereto.[1]

The permit allowed Johns to maintain a print shop in the converted garage of his home in Las Vegas and was granted on three conditions: 1) If a complaint was received regarding the operation, the surrounding property owners would be notified, the Board would conduct a review, and the approval might be rescinded; 2) there was to be no advertising; and 3)

[1]Las Vegas City Code § 11–1–24(C), in relevant part:

"(C) Home Occupation Permits:

"1. Purpose: The sole purpose of any home occupation permit shall be to allow a person or persons to be gainfully employed within the confines of his own home in an area zoned for residential uses, provided said home occupation can be carried on without tangible evidence of same being apparent to the particular neighborhood and provided further, that such home occupation is clearly incidental and secondary to the use of the property for residential purposes and provided further, that said home occupation will in no way whatsoever be injurious, harmful, detrimental or obnoxious to the neighborhood. (Ord. 927; 9–26–62)

"2. Criteria: In determining whether to grant or deny a home occupation permit, the Board of Zoning Adjustment shall be guided by the following criteria:

"(a) Will there be any employees?

"(b) Does the occupation involve the use of material and/or equipment not normally associated with residential neighborhoods?

"(c) Will there be any buying or selling of any commodities, services, or goods on the premises?

"(d) Does the ·occupation involve the use of any commercial vehicle?

"(e) Will there be any advertising, either in the form of signs, telephone directory or newspapers?

"(f) Will more than one room of the house be used?

"(g) Will the occupation involve the use of any accessory building, yard space or outdoor activity?

"(h) Does the occupation require the transportation of goods and/or clients to and from the home; [sic] thereby creating pedestrian and/or vehicular traffic?

If the answer to any of the above questions is in the affirmative, the use should not normally be permitted as a home occupation. If the answer to questions (a), (b), (c), (g), or (h) are [sic] affirmative, the Board of Zoning Adjustment must conduct a public hearing.

Notwithstanding the criteria listed above, if the Board determines that the granting of a home occupation permit, as applied for, will be detrimental in any way to the public health, safety and welfare or injurious in any way to the property in the same zoning district or neighborhood in which the property in question is located, the Board shall deny the permit. (Ord. 1533; 9–15–71)"

there was to be an automatic review by the Board in 6 months to determine the status of the operation.

On April 27, 1972, Johns' permit was reviewed by the Board, which then voted, without indicating the reasons therefor, to terminate the permit effective July 27, 1972. The decision was appealed to the Las Vegas City Commissioners, who, at a public hearing held June 21, 1972, orally affirmed the decision of the Board, again without giving Johns the reasons for this denial.

On July 24, 1972, Johns filed a petition for a writ of mandamus challenging the action of the Board and the City Commissioners. The district court issued an alternative writ of mandamus on that same day, and a hearing on the peremptory writ was conducted on September 21, 1972. After the hearing, the trial court, without making any findings, rendered its decision ordering that the petition for writ of mandamus be denied and the alternative writ quashed. The present appeal is from this order.

The Board's decision-making process is confined by standards set forth in the ordinance establishing the Board, and within these limits the Board carries out a discretionary task. In the instant case, the Board had the power to grant Johns a home occupation permit, provided: (1) there was no tangible evidence that the occupation was being carried on in the neighborhood, (2) the home occupation was clearly incidental and secondary to the residential use of the property, and (3) the home occupation would in no way be injurious, harmful, detrimental or obnoxious to the neighborhood. Las Vegas City Code § 11–1–24(C), *supra*.

A fair reading of the record, including the minutes of the Board of Zoning Adjustment and the City Commission, demonstrates a patent abuse of discretion by these bodies. At the April 27, 1972, meeting of the Board, it was uncontroverted that no complaints regarding Mr. Johns' operation had been received, nor had the status of Mr. Johns' operation changed since the original permit was granted. The minutes reflect that this was the only evidence before the Board; nevertheless, a motion to revoke the home occupation permit after a period of 90 days was unanimously passed. No reasons for the revocation of the permit were stated, and none appear in the record before this court.

The minutes of the regular meeting of the Las Vegas City

Commission on June 21, 1972, also fail to show any justification for the revocation. The only "evidence" supporting revocation of the permit consisted of opinions voiced by the Commissioners. Even if such statements were construed as official positions of the Commission, they do not constitute valid grounds for denial under the ordinance, absent supporting proof. On the other hand, appellant offered a document signed by the property owners in his neighborhood indicating that they had no objection at all to the continuance of the permit.[2]

This court stated in City of Henderson v. Henderson Auto Wrecking, Inc., 77 Nev. 118, 122, 359 P.2d 743, 745 (1961):

". . . Respondent, as plaintiff before the trial court, was required to establish abuse of discretion on the part of the city council in the denial by that body of respondent's application for a use permit. Such showing of an abuse of the discretion vested in the council was established before the trial court by respondent's showing of a lack of substantial evidence before the council, which served as a basis for its action in denying respondent's application. Concededly, the action taken by the city council in its administrative capacity, upon the matter properly before it, would not warrant interference by the trial court except where there was a manifest abuse of discretion. Here, however, where there was no evidence to support the council's actions, the trial court's action [issuing a peremptory writ of mandate] was proper. [Citations omitted.] The exercise of discretion by the city council as an administrative board, [sic] could not be sustained in court on the basis of conclusions reached by the city council in the absence of circumstances which reasonably justified such conclusions. [Citation omitted.]"

The review of administrative decisions by the district court and this court is limited to the record made before the administrative tribunal, and in the absence of a showing that the agency acted fraudulently or arbitrarily, the district court may not substitute its opinion for that of the city commissioners. City of Reno v. Folsom, 86 Nev. 39, 464 P.2d 454 (1970); Urban Renewal Agency v. Iacometti, 79 Nev. 113, 379 P.2d

---

[2]The document read as follows:

"We, the undersigned, are neighbors of Robert T. Johns and understand that he is appealing for an extension of his home use permit to allow a printing operation in his garage. We, the undersigned, wish to make known, [sic] that we have no objections whatsoever. The operation of his business creates no excessive noise, no heavy traffic, etc., or any other adverse conditions to this residential neighborhood."

466 (1963); McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268 (1961); City of Henderson v. Henderson Auto Wrecking, Inc., *supra;* Nevada Tax Comm'n v. Hicks, 73 Nev. 115, 310 P.2d 852 (1957). The record in the instant case is void of any evidence to support the ruling revoking Johns' home occupation permit. In such a case, therefore, where the decision of an administrative body is arbitrary, oppressive, or accompanied by manifest abuse, this court will not hesitate to interfere. City of Henderson v. Henderson Auto Wrecking, Inc., *supra;* State ex rel. Roman Catholic Bishop v. Hill, 59 Nev. 231, 90 P.2d 217 (1939).

Accordingly, the judgment of the district court is reversed, and the court below is directed to issue a writ of mandate to respondents reinstating appellant's home occupation permit. See City of Henderson v. Henderson Auto Wrecking, Inc., *supra;* State ex rel. Roman Catholic Bishop v. Hill, *supra.*

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.