The STATE of Wyoming, ex rel., DE-PARTMENT OF REVENUE AND TAX-ATION, MOTOR VEHICLE DIVISION, Appellant (Respondent),

v.

Billy Ray VASE, Appellee (Petitioner).

No. 85–178.

Supreme Court of Wyoming.

June 12, 1986.

A.G. McClintock, Atty. Gen., and Michael R. O'Donnell, Asst. Atty. Gen., signed the brief on behalf of appellant.

David A. Hampton, Honaker Law Firm, Rock Springs, signed the brief on behalf of appellee.

Before THOMAS, C.J., and ROONEY,* BROWN, CARDINE and URBIGKIT, JJ.

* Retired November 30, 1985.

THOMAS, Chief Justice.

The only question in this case is whether the Motor Vehicle Division of the Department of Revenue and Taxation was deprived of its jurisdiction to revoke Vase's driver's license because it failed to hold the revocation hearing within the time prescribed by statute. The district court ruled that the Wyoming Tax Commission had lost jurisdiction to suspend Vase's driver's license and reversed the order of suspension. We reverse the order of the district court and affirm the order of the Wyoming Tax Commission suspending the driver's license.

In 1982 Vase forfeited bail on a charge of DWUI in the Rock Springs Municipal Court. On October 19, 1984, he entered a plea of guilty to DWUI in the Green River Municipal Court. On October 22, 1984, he received two documents from the Green River Municipal Court. One was a copy of his judgment and sentence. The other was a notice which was prepared on the letterhead of the Department of Revenue and Taxation. That notice was not dated, and it read:

"TO ALL INDIVIDUALS ARRESTED FOR DRIVING WHILE UNDER THE INFLUENCE

"You have been arrested for Driving While Under the Influence, a violation of Wyoming Statute 31–5–233. A conviction under this statute will result in the mandatory suspension of your driver's license and/or driving privileges.

"IF CONVICTED, you will be notified by the Department of Revenue and Taxation as to the length of the suspension or of the revocation of your driver's license and driving privilege in the State of Wyoming. The suspension period will commence at the time of your conviction and the length thereof will be determined by the records of the Department of Revenue and Taxation.

"IF CONVICTED, YOU ARE HEREBY NOTIFIED of your right to a hearing,

under Wyoming Statute 31–7–127(d). You have *twenty (20)* days from the date of your conviction to request a hearing. THE HEARING REQUEST CAN *ONLY* BE MADE BY SENDING IN A *WRITTEN* REQUEST OR COMPLETING THE INFORMATION BELOW ADDRESSED TO:

"WYOMING DEPARTMENT OF REVENUE AND TAXATION

Financial Responsibility Section

Cheyenne, Wyoming 82002

(307) 777–7961" (Emphasis in original.)

\* \* \* \* \* \*

Vase then sent a notice requesting a hearing to the Department of Revenue and Taxation on October 29, 1984. The response to this request came from the Supervisor for Financial Responsibility who on November 6, 1985, sent Vase a letter reading:

"We are returning your written request for an administrative hearing regarding a driver license suspension. As of this date, we are unable to match your name with a suspension action or file number.

"When you receive your written notification for proposed suspension, please, at that time, make your written request for an administrative hearing."

Sometime later the Motor Vehicle Division of the Department of Revenue and Taxation received the record of the second DWUI conviction based upon Vase's plea of guilty in the municipal court in Green River. The following notice then was sent:

"NOTICE OF OPPORTUNITY FOR HEARING AND PROPOSED ORDER OF SUSPENSION

"TO: Bill Ray Vase
# 3 Harding Court
Rock Springs, WY 82901

"DATE OF ISSUE January 3, 1985

"The records of the Motor Vehicle Division show that you were convicted of or forfeited bail for the following offense:

"DWUI in Municipal Court of Green River, Wyoming on October 19, 1984, (2nd DWUI), arrested on August 12, 1984.

"THEREFORE IT IS ORDERED that under the provisions of Title 31, Chapter 7, your privilege to operate a motor vehicle upon the highways of this State and any license evidencing such privilege is hereby suspended for the period from January 27, 1985 through January 27, 1986.

"IT IS FURTHER ORDERED that under the provisions of the Motor Vehicle Safety-Responsibility Act (Title 31, Chapter 9) your drivers license and motor vehicle registration are suspended for an additional period of THREE YEARS, January 27, 1985 through January 27, 1988 unless you file and maintain in the Motor Vehicle Division the required Proof of Financial Responsibility as required by law. (See Reverse Side Hereof)

"Demand is hereby made for the surrender of your drivers license to the Motor Vehicle Division, if not already in its possession; also surrender all Motor Vehicle Registrations and License plates as provided by law.

\* \* \* \* \* \*

"CERTIFICATE OF MAILING

"The undersigned hereby certifies that, on the date below, he or she, an officer or employee of the Motor Vehicle Division, deposited in the United States Mail, at Cheyenne, Wyoming, an original of the order of which this is an exact duplicate copy, in an envelope addressed to the person named in the order, at his or her last address as shown on the records of the Department, postage prepaid.

| "1–3–85 | LRB |
|---|---|
| Date | Officer or Employee of Department" |

Vase denied that he received this notice, although his address was the same throughout these proceedings. Even though he did not receive the notice, he did request a hearing on January 11, 1985. The hearing was held on February 6, 1985, and the hearing officer ordered the suspension of Vase's driver's license. Vase then appealed to the Wyoming Tax Commission

which also heard his case and on March 8, 1985, upheld the suspension. That was followed by a petition for review in the district court. The district court reversed the order of the Wyoming Tax Commission, and the State appeals from that order of the district court.

In reversing the order of the Wyoming Tax Commission, the district court apparently adopted Vase's challenge to the license suspension proceedings, which is premised upon § 31–7–127(e), W.S.1977. That statute provides:

"* * * [T]he licensee may request a hearing within twenty (20) days from the date the division gives notice of intent to suspend or revoke the license. If requested, the hearing shall be held within forty-five (45) days after receipt of the request. * * *"

Vase argued in the district court and he argues here that he had requested a hearing in October of 1984, and therefore the February 1985 hearing was not timely because it was not held within 45 days after receipt of his request. His position is that the Motor Vehicle Division lost jurisdiction to suspend his license.

We reverse because the Motor Vehicle Division was not required to provide a hearing within 45 days of the receipt of Vase's October 29, 1984, request. Vase concedes that he made that request based upon the notice dated October 22, 1984, which was sent by the Green River Municipal Court. The correspondence from the Motor Vehicle Division confirms that it did not send that notice. Consequently, the 45–day period could not begin to run before the Division sent notice on January 3, 1985, and it actually started on January 11, 1985, the date the Division received the request by Vase for a hearing. The triggering event under the statute is the giving of notice by the Division of intent to suspend or revoke the license. The hearing held on February 6, 1985, was timely based upon the January 11, 1985, request. There is no need then for us to address the other issues suggested by the State in its brief to the effect that the trial court erred in finding that the word "shall" in the statute is mandatory and that the delay was unreasonable even if the word "shall" is not mandatory.

We specifically do not address the proposition that the failure to hold a hearing within 45 days would cause the Motor Vehicle Division to lose jurisdiction. That problem must await an instance in which the record facts disclose that the hearing was not held within 45 days.

We are as much at a loss as the district court was to understand why the municipal court mailed this notice on the letterhead of the Department of Revenue and Taxation. It is likely that it was a holdover from the practices adopted by our courts of limited jurisdiction which were abrogated in *State ex rel. Motor Vehicle Division v. Holtz*, Wyo., 674 P.2d 732 (1983). In that case, we held that our courts of limited jurisdiction do not have the authority to suspend driver's licenses nor should they be involved in the process of suspension of such licenses.

The order of the district court is reversed, and the order of the Wyoming Tax Commission affirming the suspension of Vase's license to drive is reinstated with the proviso that the period of suspension shall run from the date of the mandate by this court.