NEVADA CONTRACTORS AND EAGLE VALLEY CONSTRUCTION, APPELLANTS/CROSS-RESPONDENTS, v. WASHOE COUNTY AND ITS BOARD OF COUNTY COMMISSIONERS, RESPONDENTS/CROSS-APPELLANTS.

No. 19785

May 16, 1990                                    792 P.2d 31

*Stephen C. Mollath,* Reno; *Manoukian, Scarpello & Alling,* Carson City, for Appellants/Cross-Respondents.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney and *Russell S. Nash, Jr.,* Deputy District Attorney, Washoe County, for Respondents/Cross-Appellants.

---

## OPINION

*Per Curiam:*

The primary issue in this appeal is whether the issuance or denial of a special use permit is a ministerial or discretionary function. We conclude it is a discretionary function. In the action below, substantial evidence supports the Washoe County Board of County Commissioners' decision to deny a special use permit; however, the district court reversed the denial. We therefore reverse the judgment of the district court and affirm the denial of the special use permit.

### FACTS

Appellant Nevada Contractors is a division of appellant Eagle Valley Construction. Respondent Washoe County is a political subdivision of the State of Nevada. Respondent Board of County Commissioners, (Board), among other functions, grants and rejects special use permits in Washoe County.

Prior to January 20, 1987, Eagle Valley Construction informed Washoe County Department of Comprehensive Planning (Comprehensive Planning) of their plan to purchase a ten acre parcel of land near the intersection of U.S. 395 and Mt. Rose Highway. Eagle Valley wanted to build a concrete ready-mix plant on the site, a permitted use in that zone. Eagle Valley inquired if a special use permit was needed for the plant and whether the project was a major project. On January 20, 1987, a staff member of Comprehensive Planning told Eagle Valley a special use permit was not required and the project was not a major project. Seven days later, on January 27, 1987, Comprehensive Planning advised Eagle Valley the Plant could not be built without a special use permit and major project review. WCO 110.097.1(d), 110.097.2. On January 30, 1987, Eagle Valley purchased the land and submitted an application for a major project review and special use permit.

Public hearings on the permit were held before the Washoe

County Planning Commission on March 3, 1987 and April 7, 1987. Eagle Valley argued in favor of building the plant. Those opposed to the plant voiced the following concerns: traffic impact, negative influence on neighboring residential areas, dust pollution and other environmental concerns. A petition opposing the plant with several hundred signatures was also presented to the Planning Commission. The Planning Commission voted four-to-three in favor of granting the permit.

R. Bruce McKay, a nearby resident, appealed the Planning Commission's decision to the Board of County Commissioners. On May 12, 1987, a public hearing was held to consider the appeal. Conflicting evidence was presented before the Board. Eagle Valley, The Health Department of Washoe County, and The Nevada State Department of Transportation presented evidence in favor of the plant. Opponents of the plant also introduced evidence before the Board. With one abstention, the Board voted unanimously to deny the special use permit for the plant. Based upon evidence presented to the Board, the Commissioners found the following: the plant did not conform with the area's Master Plan; allowing the plant would be a detriment to current and future development of the adjacent properties and general area; increased traffic problems; and the plant would not promote the health, safety and welfare of the community.

On June 1, 1987, Eagle Valley filed an application for writ of mandamus and/or in the alternative, complaint for declaratory relief. Eagle Valley alleged denial of the special use permit was arbitrary, capricious, not based upon substantial evidence, and contrary to NRS 278, WCO 110.171(5) and WCO 110.097. In addition, Eagle Valley asked for a judgment declaring the rights and duties between the parties, and award for damages, that the plant should be constructed without major project review, or alternatively, that a special use permit should be issued for construction of the plant.

On December 16, 1987, Eagle Valley filed a motion for summary judgment on the declaratory relief claim. On January 11, 1988, the district court ordered an alternative writ of mandate directing Washoe County and the Board to either allow Nevada Contractors and Eagle Valley to operate the plant without a special use permit or issue a special use permit in accordance with recommended staff conditions on the plant's operation.

On February 16, 1988, the district court held a hearing on the writ of mandate and the cross motion for summary judgment on the claims for declaratory relief. On February 18, 1988, Washoe County and the Board filed a motion for summary judgment as to Eagle Valley's claim for declaratory relief. On December 7,

1988, the court entered a judgment and order that the Board's denial of the permit was arbitrary. The district court further found the proposed plant would not be inappropriate for the industrial zoned parcel. Accordingly, the district court gave the Board the option to either rezone the property within a reasonable time to eliminate the industrial zoning, or issue the special use permit with reasonable conditions.

## DISCUSSION

Nevada Contractors and Eagle Valley insist the issuance of a special use permit is ministerial in nature. Specifically, appellants claim the Board cannot deny the permit application, but only attach conditions to the permit.

This argument lacks merit. The grant or denial of a special use permit is a discretionary act. City Council, Reno v. Travelers Hotel, 100 Nev. 436, 439, 683 P.2d 960, 961-962 (1984), quoting Henderson v. Henderson Auto, 77 Nev. 118, 122, 359 P.2d 743, 745 (1961). If this discretionary act is supported by substantial evidence, there is no abuse of that discretion. *City Council, Reno,* 100 Nev. at 439, 683 P.2d at 961-962. Without an abuse of discretion, the grant or denial of a special use permit shall not be disturbed. *Id.* at 440, 683 P.2d at 962.

At the hearing before the Board, interested parties on both sides spoke in favor of their respective positions. Board members also expressed their opinions. By themselves, "statements by interested parties or their counsel, and the opinions of council members. . . . unsupported by proof" do not constitute substantial evidence. *City Council, Reno,* 100 Nev. at 439, 683 P.2d at 961 (citations omitted). Nonetheless, our review of the hearing reveals there was additional evidence to support the Board's order. *Id.* at 439, 683 P.2d at 962. This evidence is as follows: nonconformity with the area's Master Plan; impact on the scenic Mt. Rose Highway; the plant would be detrimental to current and future development in the area; incompatibility with the surrounding residential area; and finally, traffic problems.[1] Therefore, we conclude that was substantial evidence to justify the Board's denial of the special use permit. Thus, the Board did not abuse its discretion in denying the special use permit. *Id.* at 439, 683 P.2d at 961-962.

---

[1] We note the district court declared the evidence before the Board showed the present zoning was inappropriate for the site and labelled the parcel an example of spot zoning.

Finally, we note it is not the business of courts to decide zoning issues. *Coronet Homes, Inc. v. McKenzie,* 84 Nev. 250, 256, 439 P.2d 219, 223 (1968). Because of the Board's particular expertise in zoning, courts must defer to and not interfere with the Board's discretion if this discretion is not abused. *City Council, Reno,* 100 Nev. at 439, 683 P.2d at 962. Here, the Board acted within its discretionary powers; we cannot intrude on the Board's legitimate exercise of that power. *Id.*

Nevada Contractors' and Eagle Valley's remaining contentions lacking merit, we hereby reverse the judgment of the district court and affirm the decision of the Board denying the application for a special use permit.