KATHY TIGHE, Clerk of the City of Las Vegas; CITY OF LAS VEGAS, NEVADA; RON LURIE, BOB NOLEN, STEVE MILLER, ARNIE ADAMSEN, and SCOTT HIGGINSON, All in Their Capacity as Members of the CITY COUNCIL OF LAS VEGAS, NEVADA, and Not Individually, Appellants, v. CHARLES ERIC VON GOERKEN, dba BIERNUTZ, Respondent.

No. 21826

July 6, 1992                                   833 P.2d 1135

---

[Rehearing denied September 3, 1992]

*Roy A. Woofter,* Las Vegas City Attorney, and *Larry G. Bettis,* Deputy City Attorney, Las Vegas, for Appellants.

*Thompson & Harper,* Las Vegas, for Respondent.

## OPINION

By the Court, STEFFEN, J.:

Appellants, as members of the City Council of Las Vegas, Nevada (Council), challenge the propriety of the ruling by the district court granting respondent Charles Eric Von Goerken's application for a writ of mandamus ordering the Council to issue Von Goerken a tavern liquor license. The district court found that the Council's denial of Von Goerken's application for preliminary approval of a tavern liquor license was arbitrary and capricious and a clear abuse of the Council's discretion. We disagree and reverse.

### FACTS

In April, 1990, Von Goerken filed a request with the Council for approval of a twelve-month preliminary liquor license for a tavern surrounded by single and multiple family residences. The property on which the proposed tavern was to be situated was zoned C-1 (commercial use). Zoning regulations in effect at the time of Von Goerken's application were compatible with the placement of a tavern on the applicant's property. Prior to Von Goerken's purchase of the subject property, the Council had approved the proposed construction of a commercial structure on the property submitted by the former owner. Moreover, a back-

ground investigation by the Las Vegas Metropolitan Police Department revealed no basis for concluding that Von Goerken was unsuitable to hold a liquor license.

Although Von Goerken's application included his current address and telephone number, the Council sent written notice of the meeting concerning the application to a former address, thus effectively providing Von Goerken only with telephonic notice the day prior to the morning of the meeting. At the scheduled meeting, no members of the public spoke either for or against the application, and Von Goerken appeared without legal counsel because of his late awareness of the meeting date and time. The Council unanimously denied Von Goerken's application.

Von Goerken sought relief from the Council's denial by filing a petition for a writ of mandamus with the district court. The lower court found that the Council's action was unsupported by substantial evidence, and that the action was therefore arbitrary, capricious, and a manifest abuse of discretion. In granting the writ, the district court ordered that the Council issue the permits necessary to the operation of Von Goerken's tavern. The Council thereafter elected to challenge the order entered below by appealing to this court.

## DISCUSSION

Incorporated cities are empowered to license and regulate the sale of alcoholic beverages. NRS 268.090(1). A municipality's discretionary regulation of the dispensation of alcoholic beverages within its corporate limits should be respected by the courts absent clear evidence that an act of regulation is arbitrary, capricious, or an abuse of discretion. *See* Gragson v. Toco, 90 Nev. 131, 134, 520 P.2d 616, 617 (1974). We have settled the deferential standard of review accorded to the actions of municipalities in prior decisions of this court. Thus, in Urban Renewal Agency v. Iacometti, 79 Nev. 113, 118, 379 P.2d 466, 468 (1963), we held that "a trial court should sustain discretionary action of a governmental body, absent an abuse thereof, to the same extent that an appellate court upholds the discretionary action of a trial court." We also held in Clark County Liquor & Gaming v. Simon & Tucker, 106 Nev. 96, 97, 787 P.2d 782, 783 (1990), that "the court may interfere with an agency's decision only when there is a manifest abuse of discretion." In *Simon & Tucker,* we determined that in balancing private and public interests, a governmental agency must consider the public interest paramount. *Id.* Finally, in characterizing the type of discretionary abuse inviting judicial intervention, we observed that "the essence of the abuse of discretion, of the arbitrariness or capriciousness of govern-

mental action in denying a license application, is most often found in an apparent absence of any grounds or reasons for the decision. 'We did it just because we did it.'" City Council v. Irvine, 102 Nev. 277, 280, 721 P.2d 37, 372-73 (1986).

Although the land upon which Von Goerken intended to construct a tavern was zoned to accommodate such a commercial enterprise, it is clear that compatible zoning does not, *ipso facto,* divest a municipal government of the right to deny certain uses based upon considerations of public interest. *See* Nevada Contractors v. Washoe County, 106 Nev. 310, 792 P.2d 31 (1990).

We are thus left with the single issue that faced the court below, namely, whether the Council's rejection of Von Goerken's application for a liquor permit constituted an abuse of the Council's broad discretionary powers.

The district court found that the Council had manifestly abused its discretion by basing its decision entirely on opinions of Council members which, the court determined, did not constitute substantial evidence. We do not entirely agree. Although it is true that the only form of "evidence" supplied to the Council was the statement of Councilman Higginson, it is clear that a critical aspect of the statement was not in the form of an opinion. Specifically, the councilman reminded the Council of the fact of the residential nature of the entire area surrounding the proposed tavern. Moreover, Councilman Higginson noted that the location was in the heart of a residential area to an even greater extent than another specified location (Michael Way at Vegas) where a tavern license had been denied because of the residential nature of the neighborhood.

Von Goerken at no time controverted the fact that the intended location fell in the midst of a residential area. Members of the Council were elected by their constituents in the City of Las Vegas to represent them in protecting and promoting the public good. In this instance, the Council exercised the equivalent of judicial notice in recognizing the actual environment surrounding the proposed tavern site. The Council thereafter exercised its discretion on behalf of the City's best interests, as the members of the Council unanimously perceived them to be. Under these circumstances, we are unable to conclude, despite the abbreviated proceedings and testimony, that the Council abused its discretion. The record does not reflect discrimination against Von Goerken in favor of some other applicant, or mere speculation concerning the compatibility of the proposed tavern with its surrounding environment. The Council had before it irrefutable evidence of

the nature of the neighborhood into which Von Goerken wished to introduce a tavern. Councilman Higginson also had the benefit of specific knowledge attributable to the fact that the proposed tavern site was situated within his district.

Despite our conclusion that the record does not evince a clearly arbitrary and capricious decision by the Council, it is nevertheless apparent that the Council acted without the benefit of a reasonably developed evidentiary or factual presentation. We are convinced that when private property is denied the uses for which it is zoned, any such denial must be based upon meaningful, reasonably complete factual information.

Although we are unable to conclude that the Council's decision represents a basis for judicial intervention in the form of mandamus, we do conclude that the evidentiary basis for the Council's action was inadequate. Therefore, a new public hearing will be necessary in order for the Council to fully consider factual information pertaining to the impact or effect of Von Goerken's application for a tavern liquor license. Von Goerken is to be given lawful notice of the meeting to allow him sufficient opportunity to gather evidence in support of his application.

## CONCLUSION

For the reasons specified above, we conclude that the district court erred in finding that the Council had manifestly abused its discretion in denying Von Goerken's request for a liquor permit. Accordingly, the orders issued below are vacated. Nevertheless, we remand this matter to the district court with instructions to order the Council to schedule a new public hearing, as stated above, in the event Von Goerken elects to again present his application to the Council for consideration.

MOWBRAY, C. J., SPRINGER and ROSE, JJ., concur.

YOUNG, J., dissenting:

Respectfully, I dissent. The majority admits that the testimony before the Council was insufficient but refuses to take the next step—which would seem to follow—and hold that the Council abused its discretion in denying the license. Specifically, my colleagues acknowledge that the "Council acted without the benefit of a reasonably developed evidentiary or factual presentation." Their opinion then concludes that the Council's decision calls for a new public hearing "in order for the Council to fully consider factual information pertaining to the impact or effect" of Von Goerken's application for a liquor license.

I submit the foregoing rationale is a somewhat euphemistic way of reluctantly recognizing that the action of the Council was, in fact, wrong because it was arbitrary and capricious. If they

recognize that the decision was not supported by substantial evidence, it must inexorably follow then that there was an abuse of discretion.

This court has clearly said that there must be substantial evidence in the record for us to uphold the decision of a licensing body. City Council, Reno v. Travelers Hotel, 100 Nev. 436, 439, 683 P.2d 960, 962 (1984); Henderson v. Henderson Auto, 77 Nev. 118, 123, 359 P.2d 743, 745 (1961). Here, the only evidence before the Council was Councilman Higginson's opinion that he would never support a bar in this commercially-zoned location because it was in the heart of a residential area.

A board member's opinion may be considered as *one factor* in the licensing body's determination. McKenzie v. Shelly, 77 Nev. 237, 240-41, 362 P.2d 268, 269-70 (1961). However, statements by interested parties or their counsel and opinions of council members alone do not justify the denial of a special use permit. *Travelers Hotel,* 100 Nev. at 439, 683 P.2d at 961.

Clearly, in this case, there was not substantial evidence upon which to base the denial of a license to Von Goerken. I respectfully submit that the City Council should not be given another bite at the apple. There is no precedent for such preferential treatment and we should not create one in this case.

If substantial evidence does not exist to support the determination, we have repeatedly upheld the issuance of a writ of mandamus compelling the licensing body to issue the license. *Id.* at 436, 683 P.2d at 960; County of Clark v. Atlantic Seafoods, 96 Nev. 608, 615 P.2d 233 (1980); State ex rel. Johns v. Gragson, 89 Nev. 478, 515 P.2d 65 (1973); *Henderson,* 77 Nev. at 118, 359 P.2d at 743 (1961). In *Atlantic Seafoods,* we stated: "Mandamus is an appropriate remedy when discretion is exercised arbitrarily or capriciously." *Atlantic Seafoods,* 96 Nev. at 611, 615 P.2d at 235 (citations omitted). In *Gragson,* we ordered the district court to issue a writ of mandamus to the Las Vegas Zoning Board of Adjustment compelling it to reinstate a home occupation permit. *Gragson,* 89 Nev. 483, 515 P.2d at 68.

It has been well said, "Of all the words of tongue or pen, the saddest are, it might have been." Opponents of issuing a license to Von Goerken might have offered more evidence to support denial—but they did not. Sending the case back for more testimony would probably, in baseball parlance, be a soft pitch—with a very predictable result.

I cannot agree with my colleagues that it is appropriate to afford the City Council in this case a second opportunity to justify its action. When we reverse a criminal conviction for insufficient evidence, we do not send the case back so the State can regroup and charge again. In a workmen's compensation case, we do not

send an arbitrary denial of benefits back so that SIIS may have a still further opportunity to buttress its denial.

In the case before us, the Council's action was arbitrary and capricious because, admittedly, it was not based on substantial evidence. Our proper course is not to send it back but to uphold the district court's writ of mandamus, which compels the Council to issue the license.

Justice Cardozo stated, "One of the most fundamental social interests is that the law shall be uniform and impartial. There must be nothing in its action that savors of prejudice or favor or even arbitrary whim or fitfulness. Therefore in the main there shall be adherence to precedent." *The Nature of the Judicial Process* 112 (1922).

I respectfully submit that by sending the case back for additional testimony, we depart from sound precedent and create bad precedent. Therefore, I cannot join my colleagues in holding that: (1) the district court erred; and (2) the Council should have another chance to undergird the denial.