CITY OF RENO AND THE CITY COUNCIL, APPELLANTS, v. LARS ANDERSEN AND ASSOCIATES, INC., AGENT FOR K-MART CORPORATION AND FOR PAVIA ASSOCIATES, AND EMBASSY SUITES, INC., RESPONDENTS.

No. 25644

April 27, 1995                                      894 P.2d 984

*Patricia A. Lynch,* City Attorney, and *William A. Baker,* Deputy City Attorney, Reno, for Appellants.

*Prezant, Mollath & Costello,* Reno, for Respondent Lars Andersen and Association, Inc.

*Vargas & Bartlett* and *Albert F. Pagni,* Reno, for Respondent Embassy Suites, Inc.

# OPINION

*Per Curiam:*

Respondent Lars Andersen and Associates, Inc., agent for K-Mart Corporation and Pavia Associates (collectively K-Mart) sought to acquire about twenty-five acres from respondent Embassy Suites, Inc. (Embassy) in order to construct a shopping center. K-Mart applied for special use permits and variances for

the construction. The Reno Planning Commission approved the permits and variances. A homeowner appealed the approval. On September 28, 1993, appellant Reno City Council denied all but one of the permits, deferring a decision on the remaining permit. On November 9, 1993, the Council reconsidered the K-Mart application and denied that permit as well.

Respondents sought relief from the district court. On February 11, 1994, the court ordered appellant City of Reno to grant the permits, subject to reasonable conditions. The City moved for reconsideration of the order. On March 4, 1994, the court entered a second order confirming the first. The City appeals the first order in regard to the variances and three permits.[1]

We conclude that the City has failed to establish any error by the district court and affirm its orders.

## FACTS

The City, through its Council, is the political entity charged with planning and zoning regulation of the twenty-five acre parcel of land which Embassy owns and K-Mart wishes to develop. The land is zoned and master planned community commercial.

Consistent with this zoning, K-Mart applied for variances and for five special use permits to construct a large, twenty-four hour shopping center. The permits were to allow: (1) a project of regional significance, (2) fill dirt more than ten feet in depth, (3) operation more than seventeen hours per day (twenty-four hour operation), (4) a lighted sign within 300 feet of Interstate 80, and (5) drive-through facilities. The variances were to allow further parcelization without requiring each smaller parcel to comply with setback, parking, and landscaping requirements.

On July 21, 1993, the Reno Planning Commission unanimously approved the application subject to staff recommended conditions. A homeowner appealed that decision. The Council considered the appeal at a public hearing on September 28, 1993. A number of nearby residents appeared, and most voiced opposition to the permits. A tie vote resulted on whether to approve or deny the permit for a project of regional significance ("permit for the project"). That item was deferred until the seventh council member would be present. A majority of the Council then voted to deny special use permits for operation more than seventeen

---

[1]The City purports to appeal the second order as well, but we decline to consider it since it appears to be nonappealable. *See* Alvis v. State, Gaming Control Bd., 99 Nev. 184, 660 P.2d 980 (1983). However, this does not affect the disposition of this case because the orders were the same in substance and effect.

hours per day, drive-through facilities, and a lighted sign within 300 feet of the freeway, and also denied the parcelization variances. From the record before us, it appears that the permit for fill dirt was not discussed or voted on at that time.

The Council reconsidered K-Mart's application on November 9, 1993. By a vote of four to three, the Council denied the special use permit for the project. The Council did not discuss or act on the other items in regard to the project.

On December 2, 1993, K-Mart and Embassy petitioned the district court for relief pursuant to NRS 278.0235. The parties filed briefs, and the court held a hearing on January 25, 1994. On February 11, 1994, the court concluded that the Council's decision was not based on substantial evidence and ordered the City to grant the special use permits and variances, subject to reasonable conditions.

The City filed a motion for clarification or reconsideration of the order on February 24, 1994. In that motion, the City asserted that the only question before the district court was the Council's denial of the permit for the project and not the other permits or variances. It asserted that the Council had not addressed these latter issues and they had not been argued before the court. On March 4, 1994, the district court rejected these assertions and again ordered the City to issue the permits and variances subject to reasonable conditions.

The City subsequently filed a timely notice of appeal. On March 22, 1994, the Council voted to issue K-Mart the permits for the project and for fill dirt. The City then filed an amended notice of appeal and withdrew these two permits as issues on appeal.

## DISCUSSION

First, we note that the City does not challenge the district court's determination that there was no substantial evidence to support the Council's denial of the permits and variances in question. The approval or denial of a special use permit is a discretionary act. Nevada Contractors v. Washoe County, 106 Nev. 310, 312, 792 P.2d 31, 33 (1990). If the act is supported by substantial evidence, the courts will not disturb it. Id. The district court cited this standard of review in making its decision. It appears that the primary basis for the Council's decision was the opposition raised by many nearby residents. The district court determined that "the anecdotal and personal opinion evidence" relied on by the Council did not constitute substantial evidence. The City chose not to appeal this issue, and our examination of the record reveals no necessity for us to reach it sua sponte.

Next, the City asserts that the Council never reached a decision on K-Mart's requests for variances and for special use permits for twenty-four hour operation, drive-through facilities, and a sign near the freeway ("the items at issue"). The record repels this assertion.

Although on September 28, 1993, the Council voted to deny the items at issue, the City argues that the Council decided to reconsider these items on November 9, 1993. This is technically true. However, after the Council voted to deny the permit for the project, it did not address the other permits or variances. The mayor stated: "In light of the previous vote, that disposes of all the items [for K-Mart's application]." That ended the discussion and action on K-Mart's application. Therefore, the decision to reconsider those items had no practical effect, and the Council's last action in regard to these permits and variances was its denial on September 28, 1993. It is untenable for the City to assert that the Council never exercised its discretion in regard to the items at issue and that a decision on them was still pending when the district court issued its orders.

The City also contends that K-Mart's petition for judicial review did not encompass the items at issue and that they were not argued before the district court. The record also repels this contention.

K-Mart's petition expressly concerned its "application for the special use permits."[2] In opposing the petition, the City never claimed that denial of only one permit was at issue. Before entry of the district court's first order, the City did not assert the right or the need to reconsider the items at issue in the event the court decided for K-Mart. Although the parties' arguments below primarily concerned the permit for the project, the evidence before the district court covered the variances and all five permits, and the court considered all of these items. The court's first order expressly applied to the five special use permits and the variances and cited the "voluminous record of the transcripts of public meetings and technical reports" before the court. This record apparently included the staff report submitted to the Reno Planning Commission, which analyzed in detail all the items at issue. It is evident that the variances and all the special use permits were at issue before the court below and that the court received and considered evidence regarding all the items.

Finally, the City asserts that the district court erred when it ordered the City to issue all the special use permits and the

---

[2]Throughout this case, both parties have routinely used the phrase "special use permits" to refer collectively to the variances and permits requested by K-Mart.

variances. It argues that the court should have remanded the items at issue to the Council for further proceedings and cites Nova Horizon v. City Council, Reno, 105 Nev. 92, 769 P.2d 721 (1989).

In *Nova,* this court concluded that denial of a requested zoning change was not supported by substantial evidence and ordered that it be granted. *Id.* at 97-98, 769 P.2d at 725. However, we did not go so far as to order approval of a special use permit and tentative subdivision map in that case.

> The Council simply did not effectively address the effect of the impact of such a substantial project on the City of Reno. While it may be argued with considerable cogency from the record that appellants justified an approval of their entire application, and that it is unfair to subject them to further proceedings, we nevertheless conclude that it would be unwise and inappropriate for this court to accommodate an approval by forfeiture.

*Id.* at 97, 769 P.2d at 725. We further explained:

> We realize that our ruling may appear to be inconsistent with our opinion in City Council, Reno v. Travelers Hotel, 100 Nev. 436, 683 P.2d 960 (1984), where we affirmed the issuance of a peremptory writ of mandamus requiring approval of a special use permit for a hotel-casino. In that case, however, rezoning was not an issue and the Council was able to focus directly on the project itself.

*Id.*; *cf.* Roger Williams College v. Gallison, 572 A.2d 61 (R.I. 1990) (holding that remand for further proceedings is inappropriate to allow opponents of a special exception another opportunity to present evidence when the evidence initially presented was inadequate and there was no defect in the original proceedings and a record of the proceedings was available to the reviewing court).

The facts of the instant case resemble those of *Travelers Hotel,* not *Nova.* In this case, rezoning was not an issue, and the Council was able to focus on the project itself, holding a hearing in regard to the permits and variances in question and voting to deny them. It appears that the district court had a sufficient record upon which to base its order.[3] Therefore, the district court did not err

---

[3]The City argues that the district court's order improperly precluded the Council from receiving further needed evidence and exercising its lawful discretion in regard to the items at issue. However, the City's arguments are undermined by its own Council's actions in this case. First, if the Council had not yet received sufficient evidence on these items, it should have

in ordering the issuance of the special use permits and the variances.

## CONCLUSION

The City has failed to show any error by the district court. We therefore affirm the district court's order, which requires the Council to issue the parcelization variances and the special use permits for twenty-four hour operation, a drive-through facility, and a sign near the freeway, all subject to reasonable conditions imposable by the Council.

deferred voting on them on September 28, 1993. Instead, it voted to deny them. Second, the City argues that the district court's order to grant the permit for the project requires that the Council be allowed to reconsider the other items. Again, however, on September 28, 1993, after deferring a decision on the permit for the project, the Council did not perceive any need to delay consideration of those items and went ahead and voted to deny the other permits and the variances. In light of the Council's earlier actions, it is inconsistent and unconvincing for the City to argue that the district court's order changed everything and that more evidence and deliberation are necessary.